## JOHN G. REDINGTON *v.* GEORGE CHASE.

TENDER.—A tender, though sufficient to enable a party to maintain an action upon a dependent covenant, condition or agreement, is not equivalent to performance ; and when suit is brought the plaintiff must show a continuous readiness to perform after the tender.

IDEM.—A tender does not satisfy or extinguish the obligation, nor does the offer to comply with the commands of a judgment amount to a satisfaction.

LIMITATION—SPECIFIC PERFORMANCE.—In an action for specific performance, the plaintiff, after a decree in his favor which does not designate the time for performance, may demand its enforcement at any time, until the Statute of Limitations becomes available to his adversary.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff brought this action to compel the specific performance of an agreement for the conveyance of land situate in Santa Clara County. The case was tried by the Court without a jury, in July, 1865, and was submitted on the twenty-sixth of that month. The Judge's written decision in the cause was filed August 28th, 1866. On the 5th of September, 1866, the decree was signed, and was entered and recorded on the fourteenth day of that month, to the effect that defendant should convey to plaintiff certain lands in said county, free of all incumbrance, upon the payment to him by plaintiff of six thousand six hundred dollars, gold coin, with certain specified interest. On November 14th, 1866, the defendant tendered to plaintiff a deed of conveyance of the premises, in proper form, with a release, duly acknowledged, of a mortgage—being the only incumbrance thereon—which, however, still remained of record in Santa Clara County, unreleased and unsatisfied. The plaintiff refused to receive the deed, which, together with said release, was subsequently, on the same day, deposited with defendant's attorney, to be held by him for the space of three days to enable the plaintiff to consider of the matter and have the title examined. The plaintiff was notified of this deposit, and that if he did not take the deed within the three days he would be considered as definitely refusing the same. The plaintiff refused to make the required payment and accept the deed thus proffered, assigning as a reason therefor that the property was incumbered by mortgage not discharged of record. On the 4th of March, 1867, the plaintiff demanded of defendant a conveyance according to the terms of the decree, which he accompanied by an offer of the required payment on his part, and on defendant's refusal, applied by motion to the Court below for its judicial process to compel the defendant to perform the decree according to its terms; and on the 2d of April, 1867, obtained from the Court an order directing defendant to obey the decree according to its terms, within three days after being served with notice of the order, and tender to him, by plaintiff, of the required

payment, and expressly reserving the right to the parties respectively, on the failure therein of either, to apply to the Court for further order in the premises. From this the defendant appealed.

The other facts are stated in the opinion of this Court.

*Patterson, Wallace & Stow*, for Appellant.

Upon the facts appearing in the record, the respondent is not entitled to the order he obtained. The original decree was one directing specific performance of an alleged contract to convey real estate. In such a case the rule of law requires that the party applying for the decree should be "prompt, ready and eager" to perform on his part; he must have performed, or been ready and willing to perform, all essential terms of the contract on his part to be then performed and "*ready* and *willing* to do all matters upon his part *thereafter to be done.*" (Fry on Specific Performance, Chap. XIX, 270, marginal page.) And even gross negligence on the part of his adversary will not supply the want of diligence on his part. (*Longworth* v. *Taylor*, 1 McLean, 395; *Doyle* v. *Teas*, 4 Scam. 202.) The decree itself is a contract—nothing more —though it be "contract in the highest sense of the term." (*Wallace* v. *Eldredge*, 27 Cal. 499; Cowen's Treatise, Secs. 23, 24, p. 40, 4th Ed.) The duty, upon the part of plaintiff, of diligent performance, is as plain after as before decree, and his persistent and settled purpose of not obeying the decree must be as fatal to his claim for relief, under its provisions, as such conduct before decree would have been to bar him from any relief upon the original contract itself.

How is the defendant to be relieved from the decree? In what manner is that relief to be administered? *Audita querela* is the remedy for a party injured by matters occurring after judgment regularly entered. (*Johnson* v. *Harvey*, 4 Mass. 485; *Glover* v. *Chase*, 27 Vt., 1 Williams, 535.) In such cases an *audita querela* lies in the nature of a bill in equity, (1 Burrill Law Dic. 163,) "and is designed to afford

specific relief from the wrongful acts of a party who is seeking to enforce the final process of a Court of law in cases when it has become illegal and inequitable to have it thus enforced." (*Porter* v. *Vaughn*, 24· Vt. 214.) *Audita querela* is in the nature of an equitable suit, and in which the equitable rights of the parties will be considered. (10 Mass. 101; 14 Mass. 445; 2 Johns. Cas. 227.) This particular remedy has been, in modern practice, displaced by motion. (*Smock* v. *Dade*, 5 Rand, 639; *Baker* v. *Judges of Ulster*, 4 Johns. 191.) Which is "more summary, easy, and less expensive." (*Wardell* v. *Eden*, 2 Johns. Cas. 262, note. To similar effect see: Mr. Chief Justice Eyre, in 1 Bos. and Pul. 428; *Chambers* v. *Neal*, 13 B. Monroe, 256; Peters C. C. 269; 1 Chipman, 387.)

The appellant was brought before the Court below upon an order to show "cause why" the decree should not be carried into effect. The respondent obtained this order to show cause, and the appellant appeared in obedience to it and exhibited such matters in his defense as would have entitled him to be relieved from performance of the decree, if *he* had made an application for that purpose.

*W. H. L. Barnes*, for Respondent.

Even if the deed had been in proper form, and the property conveyed by it free and clear of incumbrance, the tender could not absolve the defendant from his obligation to perform the decree, upon application to the Court by the plaintiff. The judgment and decree of the Fourth District Court stood recorded against the defendant—not performed, appealed from, or reversed, and in full force and effect. The plaintiff desired the defendant to comply with it, and he refused, putting his refusal on the ground that he had, since the decree was entered, *tendered performance* of it, and therefore the Court had now no power to compel the performance on its part of the decree.

The cases cited are well selected as illustrations of the

office of the writ of *audita querela*, but they are not cases in point. In each and all of them the judgment of the Court had been performed by the party availing himself of the writ; he had actually paid the money and obeyed the orders required of him, or issued to him by the Court, which, after such performance, interposed the shelter of the writ against the fraud or injustice of his adversary. But in none of these cases is tender held to be performance or its equivalent.

By the Court, RHODES, J. :

The defendant cannot complain of the delay in the entry of the judgment, because he could have had it entered upon his own motion at any time after the filing of the findings. The judgment does not specify any time within which the money was to be paid by the plaintiff, or the conveyance executed by the defendant; and we cannot say that the delay in tendering the money, from the entry of the judgment in September to the ensuing month of March, indicated an intention on his part to abandon the fruits of the judgment. A tender, though sufficient to enable a party to maintain an action upon a dependent covenant, condition or agreement, is not equivalent, in every respect, to performance. It does not satisfy or extinguish the obligation. And even when suit is brought upon the dependent covenant, the plaintiff must show continuous readiness to perform after the tender. No case, that we are aware of, holds that an offer to comply with the commands of a judgment amounts to a satisfaction. Nor are we aware of any authority for the position assumed by the counsel for appellant, that in an action for specific performance, the plaintiff, after a decree in his favor, will lose the fruits of the litigation by his tardiness in enforcing his rights, unless the delay should be so great as to render the Statute of Limitations available to his adversary. The answer to all complaints from the appellant, on the score of delay, is that he had it in his power at any time to hasten the action of the respondent by tendering a full performance

on his own part, and if the respondent refused to comply with the decree, the Court, on motion, would have ordered him to perform within a specified time, on pain of having the decree set aside.

Order affirmed.