[Civ. No. 5342. Third Appellate District.—May 4, 1935.]

SECURITY TRUST & SAVINGS BANK (a Corporation), Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation) et al., Appellants.

Frank Thunen for Appellants.

Walter M. Campbell and Walter M. Campbell, Jr., for Respondent.

THOMPSON, J.—The defendants have appealed from an order denying their motion to modify a decree of specific performance of a contract to purchase real property so as to require a limitation of time within which the respondent may tender the purchase price of the land.

In 1885 the Atlantic and Pacific Fibre Importing and Manufacturing Company, Ltd., of London, contracted to purchase from the Southern Pacific Railroad Company 50,000 acres of unpatented railroad land at the price of $1 an acre.

In 1903, assuming that the grantor was unable to convey title to 1760 designated acres of that land, the parties to the contract by stipulation agreed to exclude therefrom the last-mentioned tract. By subsequent litigation the railroad company obtained title to that excluded land from the United States government in 1918. In 1921 this plaintiff, as trustee of the Atlantic and Pacific Fibre Company, instituted suit for specific performance of the contract, including therein the eliminated tract of 1760 acres, on the assertion that it had been excluded from the contract on account of a mutual mistake of the respective parties who erroneously assumed that the railroad company would be unable to convey title thereto. Upon trial of that cause it was held that the contract was modified to eliminate therefrom the 1760-acre tract by the mutual mistake of the respective parties thereto. A decree for specific performance of the contract, including the 1760-acre tract, was accordingly rendered June 4, 1928. The previous modification of the contract by stipulation was canceled and the 1760-acre tract was restored as a part thereof. The decree provided with respect to the terms thereof the following conditions:

"That said contract be specifically enforced as to the real property hereinabove described (being the 1760-acre tract which is involved in this appeal) and that the plaintiff be adjudged to be the owner of said real property in fee simple and entitled to a conveyance thereof upon the payment by the plaintiff to said defendants of the sum of $1760.00, and, in addition thereto, $22,334.82 on account of taxes paid by said Southern Pacific Land Company, with interest thereon to this date, amounting to the sum of $7800.41, making a total of $30,135.23 in all.

"That if the said Southern Pacific Land Company, a corporation, shall fail, refuse or neglect to make such conveyance within thirty days after this decree shall have become final, then, upon the deposit by the plaintiff with the County Clerk of said County of Los Angeles of the sum of $31,895.23, said County Clerk of Los Angeles County, California, be and he is hereby appointed a commissioner of this court to execute such deed or deeds on behalf of said defendant Southern Pacific Land Company to the plaintiff herein, and that such transfer and conveyance when made by such commissioner shall operate as a transfer and conveyance to the plaintiff of all of said real property."

Upon appeal therefrom that decree was affirmed by the Supreme Court September 30, 1931. (*Security Trust & Savings Bank, a Corporation*, v. *Southern Pacific R. R. Co. et al.*, 214 Cal. 81 [3 Pac. (2d) 1015].) Before the decree became final, the defendants moved to amend the judgment to require the plaintiff to include in its tender the additional taxes paid by the defendants pending the litigation last mentioned. This motion was presented on affidavits which were filed and submitted for determination and denied on November 10, 1931. No appeal was taken from that order. Thereupon the defendants moved the court on said last-mentioned date to require the plaintiff to pay the money specified by the decree ''on or before 30 days from the date said judgment became final'', and then stated to the court that the deed to the 1760-acre tract had been executed and that the defendant ''Southern Pacific Land Company stands ready to deliver the deed upon payment by the plaintiff of the amount required by said judgment and within the time aforesaid''. The defendants tendered their deed of conveyance to the land in question on November 10, 1931, and again on November 18, 1931, and subsequently on February 28, 1933, each time demanding of the plaintiff the payment of the sum specified in the decree, which was at no time paid. The last-mentioned motion to require the money specified by the decree to be paid within thirty days from the date the decree became final was argued and submitted to the court November 10, 1931, and denied on March 13, 1933. The notice of appeal from the last-mentioned order was served and filed April 11, 1933.

No appeal was taken from the order of November 10, 1931 denying the motion to modify the decree so as to require the plaintiff to add to the amount of the purchase price of the land in question the taxes paid by the defendants subsequent to the rendering of the judgment. The question regarding the allowance of the additional taxes paid by the defendants is, therefore, not involved in this appeal.

█ The only question which is presented on this appeal is whether the court had authority or whether it abused its discretion by refusing to specify a limitation of time within which the decree of specific performance may be enforced. In other words, should the trial court have rendered its decree more certain by specifying a reasonable time within which the plaintiff would be required to tender the money

specified in the judgment so as to entitle it to specific performance of the contract?

It will be observed from the portion of the decree above quoted, that the court did not specifically limit the time within which the plaintiff is required to tender the purchase money specified therein. But the decree does limit the time within which the defendants are required to tender their deed of conveyance of the land in question to "thirty days after this decree shall have become final". It is further provided that if the defendants fail or neglect to execute and tender their deed to the land within that limited time the county clerk is appointed and authorized to execute and deliver the same. It would be an inequitable and an idle act to require the execution and delivery of the deed except upon the tender of the purchase price of the land specified in the decree. The judgment should receive a reasonable construction to carry out the evident intention of the court. A reasonable construction of the language of the decree impels this court to hold that tender of the deed within thirty days of the time when the judgment became final was required on the assumption that the purchase price of the land would also be available for satisfaction of the judgment when the deed was delivered.

The inequitable effect of denying appellants' motion to limit the time within which the plaintiff may tender the purchase price of the real property in question is to impose upon the land an interminable cloud on the title, with an obligation upon the appellants to pay all future taxes thereon at their peril, necessitating future litigation to remove that cloud to which proceeding the defense of *res judicata* may furnish a serious problem for determination. That situation is inequitable and in apparent conflict with the inherent power of a court of equity to enforce its judgment and with the evident purpose of the language of the decree. No direct authority has been cited as a precedent for this unusual and unjust result. The only issue presented on this appeal has resolved itself into a question of supplementary procedure to enforce a decree in equity. It is a well-established principle of law that a court possesses inherent power to enforce its judgments. (Sec. 128, Code Civ. Proc.; 34 Cor. Jur., p. 737, sec. 1139; *Commonwealth* v. *Lewis,* 253 Pa. 175 [98 Atl. 31]; *In re Cooley,* 95 N. J. Eq. 485 [125

Atl. 486]; *Montgomery* v. *Tutt,* 11 Cal. 190.)    Section 128 of the Code of Civil Procedure provides in part:

"Every court shall have power:

.    .    .    .    .    .    .    .    .    .    .    .

"4. To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein. . . . "

The text in 34 Corpus Juris, page 737, section 1139, *supra,* declares:

"Every court has inherent power to enforce its judgments and decrees, and to make such orders and issue such process as may be necessary to render them effective, and this power is not affected by the fact that the decree is final."

In *Commonwealth* v. *Lewis, supra,* the court says:

"The power to enforce their decrees is necessarily incident to the jurisdiction of courts.   Without such power, a decree would, in many cases, be useless.   'All courts have this power, and must necessarily have it; otherwise they could not protect themselves from insult, or enforce obedience to their process.   Without it, they would be utterly powerless.' "

In the case of *Redington* v. *Chase,* 34 Cal. 666, 670, it is said in that regard:

"The answer to all complaints from the appellant, on the score of delay (in making a tender of the purchase price of land), is that he had it in his power at any time to hasten the action of the respondent by tendering a full performance on his own part, and *if the respondent refused to comply with the decree, the court, on motion, would have ordered him to perform within a specified time, on pain of having the decree set aside.*"

In the present case the appellants were guilty of no laches or failure to promptly act upon the apparent omission or uncertainty of the decree, but, upon the contrary, promptly moved the court for an order limiting the time within which the plaintiff could tender the purchase price of the land and thus enforce the evident intent of the decree. This motion was, in our opinion, wrongfully denied.   The court, in the interest of justice, and upon the inherent authority which it possesses to enforce its judgment, should have granted the motion and should have fixed a reasonable limitation of time within which the purchase price of the

land must be paid, on penalty of vacating the decree for failure to do so.

The order is reversed, and the court is directed to fix a reasonable time within which the purchase price of the land shall be tendered by the plaintiff, on penalty of vacating the decree for failure to comply therewith.

Plummer, J., and Pullen, P. J., concurred.