[Civ. No. 5432. Third Appellate District.—November 14, 1935.]

JAMES G. ENGLISH, Appellant, v. OLYMPIC AUDITORIUM, INC. (a Corporation), et al., Defendants; LOS ANGELES ATHLETIC CLUB (a Corporation) et al., Respondents; and Consolidated Case.

Dryer, Castle & Richards, Horton, Anderson, Horton & Armstrong, Rufus L. Horton and Joseph K. Horton for Appellant.

Hunsaker, Britt & Cosgrove, Cosgrove & O'Neil and Lawler & Degnan for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a portion of the judgment in these consolidated mechanics' lien actions, which was rendered pursuant to the directions of the Supreme Court upon reversal of the former judgment therein. (*English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631, 644 [20 Pac. (2d) 946, 87 A. L. R. 1281].) It is asserted the trial court has added to its final judgment conditions which are not authorized by the specific directions of the Supreme Court, rendering them ineffectual and void.

Twenty suits for foreclosure of mechanics' liens were filed in Los Angeles County against the Olympic Auditorium Company, the Los Angeles Athletic Club and other defendants. These actions were consolidated for trial. Findings of facts were adopted by the court favorable to the plaintiffs, and a judgment was accordingly rendered in their favor for the various sums to which each plaintiff was entitled. They were awarded liens for the satisfaction of their respective judgments. Upon a subsequent motion made under the provisions of section 663 of the Code of Civil Procedure, the findings and judgment were set aside and other findings were adopted favorable to the defendants with respect to the vesting of liens. A different judgment was then rendered accordingly. From that judgment the plaintiffs, English and Hammond Lumber Company, appealed. The judgment was reversed by the Supreme Court, and the trial court was directed to render judgment awarding the appellants mechanics' liens on the

Auditorium building in question to secure the satisfaction of their ascertained claims. The language of the Supreme Court in the case of *English* v. *Olympic Auditorium, Inc., supra,* is very specific in that regard. It reads as follows:

"It is therefore ordered that as to these appellants [English and Hammond Lumber Company] the order of the trial court of September 27, 1928, and the judgment entered October 6, 1928, be and each one of them is hereby reversed. It is further ordered that this cause be and it is hereby remanded with directions to the trial court to enter its conclusions of law granting appellants a lien upon the Auditorium building down to the surface of the ground, and to enter its judgment in accordance with the findings of fact and the conclusions of law thus amended, granting the lien as aforesaid."

Upon the issuing of the *remittitur* from the Supreme Court, the trial court adopted modified findings and rendered judgment June 26, 1933, in favor of these appellants for the respective sums theretofore determined to be due to each of them and awarded to each of them, in the language directed by the Supreme Court, a lien upon the Auditorium building to secure the ascertained indebtedness. The amended judgment further provides that if the judgments in favor of these appellants are not satisfied within ninety days of the entry of judgment the building shall be sold in the manner provided by law; that the purchaser thereof shall be granted a reasonable time thereafter within which to remove the building from the premises, but that such process of removal shall commence within sixty days from the time of sale and continue with due diligence until it is completed, and that pending the actual work of removing the building the Los Angeles Athletic Club and the Title Insurance and Trust Company shall be enjoined from the use or occupation of the building.

To these last-mentioned conditions the appellants objected on the ground that the trial court was without jurisdiction or authority to add to the specific directions of the Supreme Court any conditions regarding the nature of the judgment. The objection was overruled. From the foregoing conditions which were added to the directions of the Supreme Court in the rendering of judgment, the plaintiffs, English and Hammond Lumber Company, have appealed.

The trial court was neither authorized by the Supreme Court nor by law to change its final judgment by adding

thereto conditions which were neither issues in the trial of the case nor contemplated by the court of review on appeal. The trial court is bound by the specific directions of the Supreme Court to modify the findings of facts and conclusions of law upon which the appeal was based, so as to change the findings in one respect only, and to render judgment accordingly. The Supreme Court directed the trial court to "enter its conclusions of law *granting appellants a lien* upon the Auditorium building down to the surface of the ground, and to enter its judgment in accordance with the findings of fact and the conclusions of law *thus amended,* granting the lien as aforesaid". The trial court exceeded its authority by adding to the foregoing directions provisions that in the event of a sale of the building to satisfy the lien the purchaser thereof shall commence the removal of the building from the land upon which it stands within sixty days of the date of the sale, and prosecute such removal with diligence to its completion with as little damage to the freehold as possible, and that pending such operations of removal the defendants are enjoined from occupying or using the building. It was not necessary for the Supreme Court to direct the manner of satisfying the lien in the event of a sale of the building. The law provides that remedy. The added conditions above specified were not included in the findings which were before the Supreme Court on appeal. Those conditions were neither contemplated by the Supreme Court nor authorized by its specific directions to the trial court. Those changes in the judgment are in excess of the authority of the trial court and therefore void.

■ We may assume that a court has inherent power upon a proper showing to grant a reasonable time within which a building may be removed from the premises upon which it is constructed upon the sale thereof to satisfy an established mechanic's lien, as a necessary incident to the fulfillment of its judgment. (*Security Trust & Savings Bank* v. *Southern Pacific R. R. Co.,* 6 Cal. App. (2d) 585 [45 Pac. (2d) 268].) But the question of what constitutes a reasonable time therefor depends on the particular circumstances of each case. Certainly the parties to the litigation have a right to be heard regarding that question of fact. ■ In the present case the challenged conditions which were added to the judgment by the trial court were neither included in the findings and

judgment which were presented to the Supreme Court on appeal nor in the specific directions which were given to the trial court upon the reversal of the judgment. Upon the conditions contained in this judgment which are in excess of the directions of the Supreme Court the appellants are entitled to be heard at a proper time.

If a court of review inadvertently omits to include in its instructions to a trial court upon the reversal of a judgment essential elements within the issues necessarily determined on the appeal, the aggrieved party has his remedy in a petition for rehearing. A trial court may not exceed the specific directions of a court of review in remanding a cause after a reversal of the judgment on appeal and add thereto conditions which it assumes the reviewing court should have included.

The authorities are uniform to the effect that a trial court may not disregard the directions of a court of review upon a reversal and remanding of a case on appeal by adding thereto or detracting therefrom any essential determination of the issues. (*Cowdery* v. *London & San Francisco Bank, Ltd.*, 139 Cal. 298, 307 [73 Pac. 196, 96 Am. St. Rep. 115]; *Weaver* v. *San Francisco,* 146 Cal. 728, 732 [81 Pac. 119]; *Lial* v. *Superior Court,* 133 Cal. App. 31 [23 Pac. (2d) 795]; *Standard Accident Ins. Co.* v. *Allen,* 38 Ariz. 173 [298 Pac. 406]; *Rogers* v. *Hill,* 289 U. S. 582 [53 Sup. Ct. 731, 77 L. Ed. 1385, 88 A. L. R. 744].)

The directions of a court of review for the modification or reversal of a judgment, when the cause is not remanded for a new trial, may ordinarily be divided into two general classes. The appellate tribunal adopts a written opinion determining the issues on appeal and directs that the judgment be modified or reversed accordingly, in which event the opinion becomes a part of the decision and instructions, vesting the trial court with a sound discretion to determine what the reviewing court decided thereby. In the other class of instructions the appellate court may adopt a written opinion determining the issues on appeal and modify or reverse the judgment, specifically directing the lower court with respect to particular issues. In the last-mentioned class of cases the trial court has no discretion to interpret the opinion of the appellate court, but, on the contrary, it is bound to specifically carry out the instructions of the reviewing court.

Under such circumstances, any material variance from the explicit directions of the reviewing court is unauthorized and void. In the present case the trial court was directed to change its findings and render judgment differing in one respect only from the findings and judgment from which the appeal was perfected. The court was specifically instructed to change the findings and judgment so as to award mechanics' liens to the appellants on the Auditorium building. This instruction was exceeded and to that extent the judgment is void.

The judgment is modified by eliminating therefrom the conditions from which this appeal was taken. The appellants may recover their costs on appeal.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 12, 1935.