[Civ. No. 21121.   Second Dist., Div. One.   Jan. 4, 1956.]

HEBER A. SKAGGS, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Morris Lavine for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and John J. Tully, Jr., Assistant City Attorneys, for Respondents.

NOURSE (Paul), J. pro tem.*—By his complaint in this matter the plaintiff sought declaratory relief and a writ of mandate directing the defendant city and its board of pension commissioners to pay him the amount of accrued pensions which he claimed were due him.

The facts, insofar as they are relevant to this appeal are:

Plaintiff entered the service of the city of Los Angeles as a policeman the first day of April, 1925. After the completion of 20 years' service and on July 9, 1945, he applied for a pension pursuant to the provisions of the charter of defendant city and an ordinance enacted to implement those charter provisions. At the time he applied for his pension, charges were pending against him and he had been suspended from service as a police officer and approximately a year later he was discharged and removed from office. The board of pension commissioners did not act upon his application for a pension until February 24, 1948, on which date it denied his application. On February 16, 1951, plaintiff filed with the city clerk a claim for some $8,200 as pension payments commencing on July 9, 1945, together with interest thereon at 7 per cent per annum, and to have monthly pensions in the sums fixed by the city charter continued during his life, and on February 20, 1951, he commenced this action for recovery of past accrued pension payments and to establish his right to future payments.

The action was tried upon a stipulated statement of facts and certain additional documentary evidence, and the trial court rendered judgment ordering that the writ of mandate issue to the defendant city and the defendant board of pension commissioners, requiring them to pay to plaintiff—(a) for the period commencing six months prior to February 16, 1951 (the date plaintiff's claim was filed with the city clerk) the sum of $703.08; (b) for the period from February 16,

---

*Assigned by Chairman of Judicial Council.

1951, to the date of judgment, the sum of $3,046.68; (c) interest at the rate of 7 per cent per annum on items (a) and (b) in the total amount of $361.60; (d) requiring the said defendants to pay to the plaintiff in the future the sum of $117.18, each month, plus interest at the rate of 7 per cent on such installments as were not paid when due.

The effect of this judgment was to deny plaintiff any pension for the period between the date that he filed his claim for a pension, that is July 9, 1945, and August 16, 1950.

Plaintiff appealed from that judgment insofar as it denied him pension for the period from July 9, 1945, to August 16, 1950. The defendants appealed from the judgment in its entirety. In their briefs on that appeal (*Skaggs* v. *City of Los Angeles*, Supreme Court No. 22977), the defendants did not make any specific claim that the judgment, insofar as it awarded interest to the plaintiff, was erroneous. The Supreme Court, by its decision, held that the plaintiff was entitled to pension from the date that he applied for retirement and that the trial court erred in denying him pensions for the period from the date of his application; that his claim for pensions between July 9, 1945, and August 16, 1950, were not barred by the statute of limitations and that his application for a pension constituted sufficient notice of his claim and that therefore, there was no necessity of his having filed a further claim in February, 1951. It further held that the ordinance above mentioned was a valid implementation of the charter provisions and not contrary to the terms of the charter. It made no mention of the interest awarded by the judgment. The last paragraph of the decision reads as follows:

"For the reasons above stated, that portion of the judgment which limits plaintiffs recovery of past due pension installments *is reversed with directions to the trial court to recompute the past due installments in accordance with the views herein expressed,* and *in all other respects the judgment is affirmed.*" (*Skaggs* v. *City of Los Angeles*, 43 Cal. 2d 497, 505 [275 P.2d 9].) (Emphasis added.) The remittitur contains substantially the same language.

Upon the remittitur becoming final, the case was again tried; this trial being upon the same stipulation of facts and documentary evidence. The trial court rendered judgment ordering the writ of mandate to issue, compelling the city and its board of pension commissioners to pay to plaintiff "for accrued installments, commencing July 9, 1945, in the sum of $13,809.41 without interest;" and ordering the said

defendants to pay to the plaintiff in the future, monthly pensions at the rate of $121.41 per month.[1]

Plaintiff now appeals from that portion of the judgment which denies him interest on the past due payments.

██ The provisions of division 3, part 4, title 4, chapter 3 of the Civil Code as to the payment of interest upon liquidated claims are not applicable to claims against a municipality and a municipality is not liable for interest in the absence of express statute (*Los Angeles Dredging Co.* v. *Long Beach,* 210 Cal. 348, 361-362 [291 P. 839, 71 A.L.R. 161]; *Reclamation D. No. 1500* v. *Reclamation Board,* 197 Cal. 482, 502-503 [241 P. 552]; *Imperiale* v. *City & County of San Francisco,* 128 Cal.App.2d 277, 281-283 [275 P.2d 569]). The original judgment awarding plaintiff interest was therefore erroneous.

██ That judgment, however, was not void and if the city had not appealed from it there could be no question but that it would be bound to pay the interest awarded.

In our opinion, the situation here is no different than if the city had not prosecuted its appeal from that judgment. The defendant's appeal did not vacate the judgment, but merely suspended its operative effect (*Bateman* v. *Superior Court,* 139 Cal. 140 [72 P. 922]). That judgment, insofar as it awarded plaintiff pensions from and after August 16, 1950, together with interest thereon, and insofar as it awarded him interest on pension installments falling due after the date of that judgment and not paid when due, was affirmed by the Supreme Court, and the trial court was reinvested with jurisdiction not to determine any of those matters, but only to determine the additional amounts due to the plaintiff for the period between the filing of his claim for a pension and August 16, 1950. ██ Its jurisdiction was defined by the terms of the remittitur and it was only empowered to act in accordance with the directions of the Supreme Court, as set forth in the remittitur. Any action beyond that was void (*Hampton* v. *Superior Court,* 38 Cal.2d 652, 655 [242 P.2d 1]; *Hansen* v. *Cramer,* 39 Cal.2d 321 [245 P.2d 1059, 30 A.L.R.2d 1204], concurring opinion by Justice Schauer at p. 326; *Rice* v. *Schmid,* 25 Cal.2d 259, 263 [153 P.2d 313]; *English* v. *Olympic Auditorium, Inc.,* 10 Cal.App.2d 196, 201 et seq. [52 P.2d 267]). ██ The fact that the Supreme

---

[1] At this trial defendants stipulated that the pensions had theretofore been computed upon the erroneous amount of $117.18 per month, but that the correct amount which should be used by the court in its judgment was $121.41 per month.

Court did not expressly pass upon the interest feature of the judgment does not affect this matter. Its judgment did affirm the portion of the judgment which required defendants to pay interest on past due pension installments. If, due to the city's neglect to direct its attention to this phase of the judgment of the lower court, the Supreme Court failed to pass upon this question, the city's remedy was to petition for a rehearing, and it was not for the trial court, on the second trial, to attempt to change the specific directions contained in the remittitur. (*Hampton* v. *Superior Court, supra,* 38 Cal.2d 652, 656.)

The trial court here, however, was not obligated to award interest upon that portion of the total accrued pension payments which it was directed by the remittitur from the Supreme Court to compute and add to its judgment. The Supreme Court, as we have heretofore pointed out, by its opinion did not discuss the plaintiff's right to interest and the rule of the law of the case does not therefore apply. (*Steelduct Co.* v. *Henger-Seltzer Co.,* 26 Cal.2d 634, 644 [160 P.2d 804]; *Trower* v. *City & County of San Francisco,* 157 Cal. 762 [109 P. 617]; *Webb* v. *Saunders,* 89 Cal.App.2d 732 [201 P.2d 816].) The trial court was therefore free to exercise its own judgment as to whether or not interest should be allowed upon these additional amounts, despite the fact that the Supreme Court had affirmed and left standing those portions of the former judgment which allowed interest upon the amount awarded by it.

The judgment is therefore reversed with directions to the trial court to issue its writ of mandate compelling the city to pay to the plaintiff the pensions which accrued between the 9th day of July, 1945, and the 16th day of August, 1950, without interest, and the pensions which have accrued since the 16th day of August, 1950, plus interest at 7 per cent per annum on that part of the pensions accruing since August 16, 1950, which would be represented by a monthly pension installment of $117.18.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied January 30, 1956, and the opinion and judgment were modified to read as printed above. The petitions of appellant and of respondents for a hearing by the Supreme Court were denied February 29, 1956. Carter, J., and Schauer, J., were of the opinion that the petitions should be granted.