[Civ. No. 24082.   Second Dist., Div. Three.   Apr. 26, 1960.]

GUY N. STAFFORD, Appellant, v. MUNICIPAL COURT, LOS ANGELES JUDICIAL DISTRICT, Respondent; GRACE C. HOWARD, Real Party in Interest.

Guy N. Stafford, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

VALLÉE, J.—Appeal from a judgment denying a writ of mandate sought to compel the Municipal Court of Los Angeles Judicial District to vacate a judgment rendered by that court.

In 1956 Grace C. Howard, the real party in interest, brought an action against petitioner on a promissory note and for goods, wares, and merchandise. Petitioner answered. After trial, judgment was rendered for petitioner. Grace C. Howard appealed. The appellate department of the superior court reversed, with directions to the municipal court to enter judgment for Grace C. Howard as prayed. Thereafter the municipal court complied with the directions of the appellate department.

In November 1958 petitioner moved the municipal court to vacate its judgment on the ground it was void and the appellate department lacked jurisdiction to order the trial court to enter judgment for Mrs. Howard. The motion was denied. Petitioner then applied to the superior court for an alternative writ of mandate to compel the municipal court to vacate the

Howard judgment against him. The judgment of the superior court was that "the petition be stri[c]ken from the file, and that no writ, alternate or otherwise, shall issue." Petitioner appeals.

In denying the petition, the superior court stated:

"In respect to the Ex Parte application for an alternate writ of mandate.

"It affirmatively appears from the face of the petition that the judgment in the case entitled Grace C. Howard, et al. vs. Guy N. Stafford, Los Angeles Municipal Court No. 365-854, is final; and the court having reference to the file of this court respecting same (Civ. A. 9539) finds therein in the settled statement there presented to the Appellate Department of this court; 'The plaintiffs (Howards) presented the original of the promissory note sued on in the case; that the defendant (Stafford) stipulated that this was a true and correct copy of the original he had executed and mailed to the plaintiffs and stipulated there was no payment. The court accepted this into evidence as plaintiffs' Exhibit 1'; The trial court followed the directions of the Appellate Department in judgment for the plaintiffs as prayed.

"It is apparent therefore, that the petition now presented is an attempt to relitigate a final judgment; that it is sham and vexacious.

"It is therefore ordered that the petition be stri[c]ken from the file, and that no writ, alternate or otherwise, shall issue. (*Neal* v. *Bank of America* (1949), 93 C.A.2d 674-682 [93 Cal. App.2d 678 (209 P.2d 825)]; *Lincoln* v. *Didak* (1958), 162 A.C.A. 667-671 [162 Cal.App.2d 625 (328 P.2d 498)].)"

Petitioner says the appellate department exceeded its jurisdiction in ordering the municipal court to enter judgment as prayed by Mrs. Howard; the municipal court was not bound to obey the order of the appellate department; and the municipal court exceeded its jurisdiction in conforming to the directions of the appellate department. The points have no merit.

■ On an appeal from a judgment of a municipal court, the superior court may review a decision which involves the merits or necessarily affects the judgment appealed from or which substantially affects the rights of a party, and may direct the proper judgment to be entered. (Code Civ. Proc., § 988h.)

■ Where a reviewing court reverses a judgment with directions to enter judgment for the plaintiff, the trial court

is bound by the directions given. Its authority is limited wholly and solely to following the directions of the reviewing court. (*Rice* v. *Schmid*, 25 Cal.2d 259, 263 [153 P.2d 313].) Any judgment rendered contrary to such specific directions would be void. (*Carter* v. *Superior Court*, 96 Cal.App.2d 388, 391 [215 P.2d 491].) ■ When there has been a decision on appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void. ■ The judgment directed by the reviewing court is the law of the case and is controlling on the jurisdiction of the trial court. (*Kenney* v. *Kenney*, 128 Cal.App.2d 128, 133 [274 P.2d 951].)

■ If it be assumed, as petitioner contends, that the order of the appellate department reversing the judgment in his favor should not have included a direction for the entry of a final judgment in favor of Howard, the error was judicial. Petitioner should have applied for rehearing. ■ If a court of review inadvertently omits to include in its instructions to a trial court on the reversal of a judgment essential elements within the issues necessarily determined on the appeal, the aggrieved party has his remedy in a petition for rehearing. (*English* v. *Olympic Auditorium, Inc.*, 10 Cal.App. 2d 196, 201 [52 P.2d 267].)

Affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied May 24, 1960, and appellant's petition for a hearing by the Supreme Court was denied June 22, 1960.