[Civ. No. 51853. Second Dist., Div. One. Dec. 22, 1977.]

PURITAN LEASING COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
ROBERT ALAN AUGUST et al., Real Parties in Interest.

## COUNSEL

Cavalletto, Webster, Mullen & McCaughey, C. Richard Whiston and Charles S. Bargiel for Petitioner.

No appearance for Respondent.

William A. Wittman, Jr., for Real Parties in Interest.

## OPINION

**THOMPSON, J.**—The case at bench raises the issue of the consequences to retrial of an appellate reversal and remand for "proceedings consistent with the views expressed" in the appellate opinion. We conclude: (1) where the appellate opinion uses the phrase to incorporate by reference portions of the body of the opinion into the pronouncement of appellate judgment, the trial court, on retrial, is bound by the incorporated portions as if they were included as an express specific direction on remand, and (2) any portion of the opinion not so incorporated has the less stringent effect of the law of the case. Accordingly, we direct that a peremptory writ of mandate issue requiring the trial court to comply with the direction of the Supreme Court in its opinion reversing a prior judgment in the case at bench. We leave to the trial court discretion to apply the remainder of the opinion to issues not covered by the direction.

The lawsuit which results in the case at bench began in 1973 when Puritan Leasing Company sued Robert A. August for breach of his obligation as lessee of a lease of personal property and Bruce and Patricia Brown as guarantors of the lessee's obligation. Puritan sought damages computed as the remaining rent reserved in the lease plus expenses incurred in conducting a public sale, less the amount realized on the sale and the amount of a security deposit.

The defendants denied the existence of the lease and all other charging allegations in the complaint. They asserted the affirmative defenses of lack of consideration for their guarantee, unilateral mistake of fact and law, fraud, that a provision of the lease for post-breach rent is a penalty, termination of the lease, failure to conduct a public sale of the leased property upon the lessee's breach, and failure to take reasonable steps to relet the property.

Trial was to a jury. The trial court directed a verdict in Puritan's favor in the amount of $761.07, computed upon the basis of unpaid rent up to the date of sale. At a post-trial conference, counsel for Puritan stated his intention to pursue an appeal. He and counsel for the lessee and guarantors indicated that the appeal would be upon a settled statement if possible. The trial judge explained that his ruling was based upon "the limited issue of interpretation of the default provisions in the lease." He added that issues incident to the guarantors' defenses of lack of consideration for the guarantee and mistake of fact in its execution "would be reserved for any future proceedings." A stipulation to that effect tendered by counsel for the Browns was not accepted by Puritan.

The settled statement on appeal made no reference to the "reserved issues." Division Two of this district of the Court of Appeal determined that Puritan was entitled to post-sale damages. It ordered that: "The judgment is reversed and the cause remanded to the trial court with instructions to enter judgment in favor of plaintiff [Puritan] in accordance with this decision."

The lessee and guarantors petitioned for hearing in the Supreme Court. The petition, in addition to claiming factual and legal error in the Court of Appeal opinion, asserts that its direction to enter judgment is improper because other issues raised at trial had not been adjudicated: "namely, (1) whether . . . the guarantee . . . was supported by consideration, (2) whether . . . the terms of the lease, and especially the . . . default provisions thereof, were so ambiguous as to be unenforceable,

(3) whether . . . the lease . . . permitted acceleration of rents after sale, and (4) whether . . . the lessor disposed of the equipment in a commercially reasonable manner according to the requirements of the Commercial Code."

The Supreme Court granted the petition for hearing. Its opinion (*Puritan Leasing Co.* v. *August* (1976) 16 Cal.3d 451 [128 Cal.Rptr. 175, 546 P.2d 679]) upholds provisions of the lease generally permitting recovery by Puritan of the damages sought by it and determines that Puritan's lawsuit is timely, i.e., not premature. The opinion continues: "Defendants refer to certain other issues which they suggest were not reached at trial. The first of these is whether the Browns' guaranty was supported by consideration. We think the issue of the guarantors' liability was necessarily resolved by the directed verdict against all defendants. If the Browns were dissatisfied with this result they should have appealed the directed verdict. Under rule 3(c), California Rules of Court, they could have delayed a determination of whether to file a cross-appeal until they ascertained whether plaintiff, in reality the losing party in the trial court, would file [an appeal]. Not having filed such a cross-appeal, they may not raise this issue on retrial. [¶] Further, we think any ambiguity in the lease provision at issue has [except as it relates to the correct computation of the deficiency owed after resale of the leased property] necessarily been resolved by our holding . . . that plaintiff proceeded properly under its terms." (16 Cal.3d at p. 463.)

The Supreme Court opinion continues: "[W]e may reasonably infer that matters touching upon the correct computation of the deficiency actually owed to plaintiff [for the period after resale of the property] were not reached. Such issues would, defendants suggest, include plaintiff's compliance with the California Uniform Commercial Code in conducting the sale. We do not foreclose retrial of these latter questions." (16 Cal.3d at p. 463.)

The opinion concludes: ".The judgment is reversed and the cause remanded for proceedings consistent with the views expressed herein." (16 Cal.3d at p. 464.) The remittitur includes the same language.

The guarantors petitioned the Supreme Court for rehearing, claiming legal error in the decision but not mentioning the high court's treatment of the "unadjudicated issues." The petition was denied.

Puritan moved for limitation of issues to be retried and for summary judgment in the trial court. It based its motion upon the Supreme Court opinion and the remittitur. The trial court denied the motion in an order stating: "[T]he issue regarding the validity of the provision in the personal property lease here involved permitting resale of the leased chattels and immediate recovery from defendants of any deficiency in the rent reserved upon defendants' default has been resolved by the California Supreme Court in favor of plaintiff. All other issues framed by the pleadings remain in the case and shall be resolved *de novo* at trial."

The trial court order thus preserved for retrial issues of consideration for the guarantee, unilateral mistake, and fraud, along with the issue of determination of damages. Puritan filed its petition with the Supreme Court seeking a writ of prohibition or mandamus to compel the trial court to limit issues on retrial to those incident to computation of damages. The Supreme Court transferred the petition to this court.

Concluding that a trial court lacks jurisdiction to extend proceedings on retrial beyond the scope directed by the remittitur and that the scope of the remittitur is properly tested by application for prerogative writ (*Hampton* v. *Superior Court* (1952) 38 Cal.2d 652, 655-656 [242 P.2d 1]), we issued our alternative writ.

### Power of Trial Court on Remand

■ *Law of the case.* An unqualified reversal of a judgment on appeal vacates the trial court judgment and permits a retrial of all issues. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 542.) ■ Retrial of those issues is, however, limited by the law of the case established on the intervening appeal. "The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial . . . ." (6 Witkin, Cal. Procedure, *supra,* Appeal, § 633.) ■ Only where to apply the law of the case results in manifest injustice (6 Witkin, Cal. Procedure, *supra,* Appeal, § 650) or there has been an intervening change in the law (6 Witkin, Cal. Procedure, *supra,* Appeal, § 651) may the trial court employ a different principle.

"Generally, the doctrine of law of the case does not extend to points of law which might have been but were not presented and determined in the prior appeal. . . . As an exception to the general rule, the doctrine is

also held applicable to questions not expressly decided but implicitly decided because they were essential to the decision on the prior appeal." (*Estate of Horman* (1971) 5 Cal.3d 62, 73 [95 Cal.Rptr. 433, 485 P.2d 785], cert. den. *sub nom. Gumen et al.* v. *California* (1972) 404 U.S. 1015 [30 L.Ed.2d 662, 92 S.Ct. 672].)

■ In the situation of an unqualified reversal, the trial court has discretion to interpret the appellate opinion to determine its impact upon the law of the case. (*English* v. *Olympic Auditorium, Inc.* (1935) 10 Cal.App.2d 196, 201 [52 P.2d 267].)

■ *Reversal with directions.* Where in contrast to a general reversal the decision on appeal reverses with directions, the trial court is "reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void." (*Hampton* v. *Superior Court, supra,* 38 Cal.2d 652, 655; see also *English* v. *Olympic Auditorium, Inc., supra,* 10 Cal.App.2d 196, 201-202.) ■ The exceptions which limit the doctrine of law of the case do not apply.

■ The strict rule applies although the directions of the reviewing court are based upon an erroneous concept. The remedy of the party aggrieved by the error lies only in a petition to a reviewing court. (*Skaggs* v. *City of Los Angeles* (1956) 138 Cal.App.2d 269, 272-273 [291 P.2d 572, 292 P.2d 572].)

*Case at Bench*

■ The power of the trial court here thus depends upon the nature of the Supreme Court's order which remands the cause "for proceedings consistent with the views expressed herein." If that order is treated as a general reversal, the trial court has jurisdiction to consider all issues raised limited only by the applicable law of the case as enunciated by the Supreme Court to the extent that an exception to the application of that principle does not exist. If the order is treated as a reversal with directions, then the trial court is limited to following the directions precisely on remand.

■ The phrase "reversed and remanded for proceedings consistent with this opinion" is not a phrase of art with only a single meaning. It

must be read with the appellate opinion as a whole. In context, the phrase may be no more than a statement that on retrial the trial court is to apply the law of the case, and in that situation the phrase is surplusage. (*Raun* v. *Reynolds* (1860) 15 Cal. 459, 468; *Pillsbury* v. *Superior Court* (1937) 8 Cal.2d 469, 471-472 [66 P.2d 149]; *Clutter* v. *Superior Court* (1934) 140 Cal.App. 135, 138 [35 P.2d 152].) In context, the phrase may be a "summary method of incorporating by reference directions, as to proceedings on a retrial, specifically indicated in the body of the opinion." (6 Witkin, Cal. Procedure, *supra*, Appeal, § 556.) Doubt concerning the context in which the phrase is used is resolved in favor of its treatment as surplusage. (*Atchison etc. Ry. Co.* v. *Superior Court* (1939) 12 Cal.2d 549, 555 [86 P.2d 85].)

 Here part of the meaning of the phrase is clear in context. The body of the opinion precisely states that the damage provision of the lease is legal and that the issue of consideration for the guarantee is not to be retried. The opinion is equally specific that ambiguity of the lease is no longer in issue except to the extent that ambiguity relates to the correct determination of damages. The opinion specifically authorizes retrial of issues related to the correct determination "of the deficiency actually owed to plaintiff."

Thus the Supreme Court opinion directs retrial in a fashion excluding the defendants' right to relitigate the issues of consideration for the Browns' guarantee and their claim of lease ambiguity except to the extent the latter question may affect the computation of damages. There remain the issues of defendants' affirmative defenses of unilateral mistake of fact and law and of fraud raised in their answer. Defendants' petition for hearing in the Supreme Court did not mention those issues as matters to be considered in determining the propriety of the Court of Appeal reversal with directions to enter judgment for Puritan. Hence, the Supreme Court opinion does not refer to them. That omission precludes the application of the strict principle of limited trial court jurisdiction on a reversal with directions unless the Supreme Court's reference to the issues relating to computation of damages and the court's statement, "We do not foreclose retrial of those latter questions," is construed as a limitation remanding for trial only the issues not foreclosed.

The principle that doubt concerning the interpretation of the phrase "reversed and remanded for proceedings consistent with this opinion" must be resolved in favor of treatment of the phrase as surplusage

precludes that construction. Thus the trial court has jurisdiction to determine the issues of unilateral mistake and of fraud.

We note for the guidance of the trial court in exercising that jurisdiction the impact of law of the case. The issues of mistake and fraud were implicitly decided against the defendants by the Supreme Court's decision. The Supreme Court concluded that the lease was valid and enforceable. Necessarily that determination of enforceability rejects unenforceability for mistake or fraud. (See· *Nevcal Enterprises* v. *Cal-Neva Lodge, Inc.* (1963) 217 Cal.App.2d 799 [32 Cal.Rptr. 106], earlier appellate decision that a contract was valid barred a contention on retrial that it was unenforceable by an unlicensed party although that issue was not raised or discussed in the prior appeal.) Imposing obstacles face defendants in seeking to avoid the impact of the law of the case as a bar to their assertion of the defenses of mistake or fraud. No relevant change of law has occurred. Any injustice flowing from the inability of defendants to assert the defenses at this late date seems of their own making. They did not include either question in their petition for hearing to the Supreme Court as one of the issues that should be adjudicated on remand.

■ We thus conclude that the Supreme Court's reversal and remand with directions conclusively determines: (1) the lease, including its provision for compensation to Puritan, is legal; (2) the Browns' guarantee of the lease is supported by consideration; (3) the suit by Puritan on the lease and guarantee is timely, i.e., not premature; and (4) any ambiguity in the lease is not a defense and may be asserted by defendants only as it bears upon computation of the damages due Puritan. We conclude also that issues of mistake of fact and law and of fraud, pleaded as defenses by defendants, may be asserted on retrial but that the trial court in ruling on those issues will be bound by the strictures of the law of the case.

### Disposition

We order that a peremptory writ of mandate issue directing the respondent superior court: (1) to vacate its "Order on Motion for Determination of Issues to be Retried on Remand and Motion for Summary Judgment" dated August 11, 1977; and (2) to enter a new order foreclosing defendants from raising on retrial issues of (a) the validity of provisions of the lease permitting repossession, resale and subsequent recovery of deficiencies based upon the total rent reserved,

(b) the timeliness of the present lawsuit, (c) consideration for the Browns' guarantee, and (d) ambiguity in the deficiency provisions of the lease except as ambiguity may be relevant to the correct computation of the deficiency actually owed to plaintiff, including without limitation plaintiff's compliance with the California Uniform Commercial Code in conducting a sale of the leased property.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied January 18, 1978.