Filed 12/23/15  Tetravue, Inc. v. St. Paul Fire & Marine Ins. Co. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TETRAVUE, INC., et al., | D067155 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2011-00086115-CU-IC-CTL) |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Tosdal Law Firm and Ty Tosdal and Thomas Tosdal for Plaintiffs and Appellants.

Sheppard Mullin Richter & Hampton and John T. Brooks and Thomas R. Proctor for Defendant and Respondent.

In a prior appeal, we held the trial court erred in denying summary judgment in favor of plaintiffs TetraVue, Inc. and Paul Banks (collectively TetraVue).  (*TetraVue, Inc. v. St. Paul Fire & Marine Insurance Company*, (July 19, 2013, DO61002) [nonpub.

opn.] (*TetraVue I*).) We reversed and remanded with instructions to grant summary judgment in favor of TetraVue and against defendant St. Paul Fire and Marine Insurance Company (St. Paul). We held that, under the liability policy St. Paul issued to TetraVue, St. Paul had a duty to defend a third party claim against TetraVue.

On remand, TetraVue moved for leave to file an amended complaint to add new causes of action for failure to defend and bad faith against St. Paul. The trial court denied the motion, stating that the court "lacks the authority to expand the scope of this litigation when the Court of Appeal has specifically directed that judgment be entered."

TetraVue appeals, contending the trial court erred in denying its motion for leave to file an amended complaint. We affirm. The trial court correctly found TetraVue's requested amendment was not permitted under the specific directions in *TetraVue I.*

DISCUSSION

TetraVue contends that the trial court abused its discretion by denying leave to file an amended complaint following a review of our reversal with instructions to enter judgment. (Code of Civ. Proc. § 473, subds. (a), (b).)[1]

A trial court's interpretation of the dispositional language in the prior appellate opinion in the same action is a question of law subject to de novo review. (*Ayyad v. Spring Spectrum L.P.* (2012) 210 Cal.App.4th 851, 859; *In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 674.) Filing a notice of appeal deprives a trial court of jurisdiction

---

[1]    All further statutory references are to the Code of Civil Procedure.

and vests jurisdiction with the appellate court until that appellate court issues a remittitur. (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1499.)  The remittitur reinvests jurisdiction with the trial court but limits the scope of that jurisdiction.  (*Griset v. Fair Political Practices Comm'n* (2001) 25 Cal.4th 688, 701; *Ayyad v. Spring Spectrum L.P.*, *supra*, at pp. 859-860.)  "When there has been a decision upon appeal . . . . [t]he trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void."  (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655.)

Because the remittitur defines the scope of a trial court's authority on remand, a reversal with instructions to enter judgment confers a narrower scope of jurisdiction on the trial court than an unqualified or general reversal, which does not include instructions to enter judgment.  (*Puritan Leasing Co. v. Superior Court* (1977) 76 Cal.App.3d 140, 147.)  When a specific judgment is directed on appeal, the trial court has no jurisdiction beyond entering judgment.  (*Ibid.*)  It may not "reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case . . . ."  (*Hampton v. Superior Court*, *supra*, 38 Cal.2d at p. 656.)  If the trial court does so, "the judgment rendered thereon would be void."  (*Ibid.*)

TetraVue contends the court had broad discretion under section 473, subdivision (a), which allows leave to amend "upon any terms as may be just."  TetraVue maintains that the proposed amendments will not change the alleged facts and the additional claims

3

will not prejudice St. Paul.  TetraVue explains that this court's direction to enter judgment did not specifically preclude the trial court from granting leave to amend.

An unqualified or general reversal gives the trial court broad jurisdiction, which may allow the trial court to grant leave to amend the pleadings.  (*Pillsbury v. Superior Court* (1937) 8 Cal.2d 469, 471-472 [allowing an amended complaint after a general reversal and remand "for further proceedings not inconsistent with the views herein expressed"].)  In this case, however, the remittitur instructed the trial court to enter judgment.  We stated, "[t]he judgment is reversed and the cause is remanded with directions to enter judgment in favor of TetraVue and Banks."  The trial court, therefore, lacked authority to grant leave to file an amended complaint.  (*Lial v. Superior Court* (1933) 133 Cal.App. 31, 33 ["It is a well-established principle. . . that when an appellate court has passed upon the merits of a cause on appeal and has directed the trial court to render a particular judgment or decree, there is no authority to permit amendments to the pleadings"]; *Griset v. Fair Political Practices Comm'n*, *supra*, 25 Cal.4th at p. 701; *Hampton v. Superior Court*, *supra*, 38 Cal.2d at p. 656.)  Section 473, subdivision (a), cannot provide discretion to allow an amended complaint where a trial court has no authority to do so.

4

TetraVue also contends the trial court had discretion under the discretionary relief provision of section 473, subdivision (b), because TetraVue is entitled to relief from honest mistake or excusable neglect.[2] We disagree.

The discretionary relief provision of section 473, subdivision (b), provides that: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." TetraVue argues it was entitled to relief from mistake or excusable neglect because prior counsel wrongly assumed that the exception to res judicata for pure declaratory relief actions would apply here and failed to request guidance from this court in *TetraVue I*. TetraVue contends that due to this excusable neglect or mistake of prior counsel, section 473, subdivision (b), provided the trial court with the discretion to grant leave to amend.

Initially, TetraVue's argument under section 473, subdivision (b), fails because TetraVue did not raise subdivision (b) as a justification for their request to file an amended complaint at the trial court level. A party generally cannot raise an issue for the first time on appeal. (*Kolani v. Gluska* (1988) 64 Cal.App.4th 402, 412; *Parker v. City of Fountain Valley* (1981) 127 Cal.App.3d 99, 117.) Additionally, section 473, subdivision

---

2      Following the trial court's denial of the motion for leave to file an amended complaint, TetraVue filed another lawsuit against St. Paul, which has since been removed to federal court. Consequently, TetraVue also argues that an affirmance will risk forfeiture of its additional claims because the second suit may be barred by res judicata. However, any potential res judicata impact in a separate lawsuit does not impact this court's analysis of the trial court's authority to allow an amended complaint.

5

(b), is not a proper vehicle to remedy an improper or incomplete pleading under these circumstances.  (See *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611-612 [explaining that nothing in section 473, subdivision (b), suggests it was meant as a "catch-all remedy" for all instances of counsel's poor judgment].)[3]

Significantly, the general principles of a trial court's authority on remittitur as discussed in relation to section 473, subdivision (a), remain relevant to our analysis of section 473, subdivision (b).  Even if we were to ignore the other issues with application of section 473, subdivision (b) here, the trial court still lacked authority to allow an amended complaint because we instructed that judgment be entered in favor of TetraVue on remand.  (See *Hampton v. Superior Court*, *supra,* 38 Cal.2d at p. 656.)

Because the trial court lacked authority to take any action but enter judgment as directed, it properly denied TetraVue's motion for leave to file an amended complaint and entered judgment for TetraVue.

---

[3]     The discretionary provision of section 473, subdivision (b), allows that relief may be granted from a broader range of proceedings than under the mandatory provision of section 473, subdivision (b), which is limited to default, default judgments, or dismissals. (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 229.)  However, the discretionary provision is still meant to relieve a party from judgment, dismissal, order, or other proceeding taken against that party.  (See *Zamora v.Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 254.)  In arguing that section 473, subdivision (b), provided the trial court discretion to allow an amended complaint following a reversal in which we instructed the trial court to enter judgment for TetraVue, TetraVue does not clarify the specific court proceeding taken against them from which they are entitled relief.

DISPOSITION

The judgment is affirmed.  Respondent to recover costs on appeal.

PRAGER, J.*

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

---

\*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.