Filed 11/16/21  P. v. Rocha CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077031 |
| v. | (Super.Ct.No. RIF1303076) |
| DANIEL NINO ROCHA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge. Reversed and remanded with directions in part, affirmed in part.

Sheila O'Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I. INTRODUCTION

Defendant and appellant Daniel Nino Rocha appeals the sentence imposed following remand by this court with the direction that the trial court stay the 16-month sentence on count 3 under Penal Code[1] section 654. Upon remand, the trial court vacated the sentence, and imposed then stayed an upper term sentence of three years on count 3. Defendant argues the trial court lacked jurisdiction to increase the sentence on count 3 from this court's dispositional order. The People agree, as do we. The trial court had no power to deviate from the dispositional order in our opinion from defendant's prior appeal on remand. The matter is therefore remanded to the trial court with directions to reduce the term on count 3 to a stayed 16-month term. In all other respects, the judgment is affirmed.

# II. PROCEDURAL BACKGROUND

On July 12, 2013, a jury found defendant guilty of assault with a firearm (§ 245, subd. (a)(2); count 1); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2); and street terrorism (§ 186.22, subd. (a); count 3). As to count 1, the jury found true that defendant had personally used a firearm (§ 12022.5, subd. (a)) and had personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). As to counts 1 and 2, the jury found true that defendant committed the crimes for the benefit of, at the direction of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)). In addition, defendant admitted that he had suffered one prior prison term (§ 667.5, subd. (b)(1)), one

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

prior serious felony conviction (§ 667, subd. (a)), and one prior strike conviction (§§ 667, subds. (c), (e)(1); 1170.12, subd. (c)(1)).

On August 30, 2013, the trial court sentenced defendant to an aggregate term of 38 years eight months in prison as follows: the upper term of eight years on count 1, a consecutive term of three years for the section 12022.7, subdivision (a) enhancement, a consecutive term of 10 years for the section 186.22, subdivision (b)(1) enhancement, and a consecutive term of 10 years on the section 12022.5, subdivision (a) enhancement; a consecutive middle term of 16 months on count 2, with a consecutive, stayed, three-year term for the section 186.22, subdivision (b)(1) enhancement; a consecutive middle term of 16 months on count 3; plus a consecutive five-year term for the prior serious felony conviction; and stayed a one-year term for the prior prison term.

Defendant subsequently appealed his conviction and sentence. In a nonpublished opinion filed October 30, 2014, in case No. E059570, we affirmed the judgment of conviction, but directed the trial court to stay the 16-month sentence on count 3 pursuant to section 654. We specifically ordered that, "The judgment is ordered modified to stay the one-year-four-month sentence on count 3 (participation in a street gang) under section 654. In all other regards, the judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment and to forward it to the Department of Corrections and Rehabilitation."

On February 25, 2015, after issuance of the remittitur in case No. E059570, at a hearing outside the presence of counsel and defendant, the trial court vacated defendant's

3

sentence as to count 3, imposed an upper term of three years on that count, stayed the three-year term under section 654 on count 3, and closed the case.

On September 19, 2018, the court received a letter from the California Department of Corrections and Rehabilitation (CDCR) asking it to recall defendant's sentence and resentence him under section 1170, subdivision (d). Specifically, the CDCR noted that, in *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*), the Court of Appeal held that a defendant could not be given separate sentences for enhancements under sections 12022.7, subdivision (a) and 186.22, subdivision (b)(1)(C)—one of the terms had to be stayed. The CDCR recommended that the trial court comply with the mandates of *Gonzalez*.

Upon receiving the letter from CDCR, the trial court appointed counsel to represent defendant. In their respective briefing, both parties agreed that *Gonzalez* controlled and that defendant's sentence on the section 12022.7, subdivision (a) enhancement—the shorter enhancement term—had to be stayed under section 654. Among other requests, defense counsel asked the court to "correct" the sentence on count 3 "so that it conform[ed] with the command of the remittitur." Counsel pointed out that this court had directed a modification of the original judgment to reflect a 16-month stay on count 3, but that the trial court had instead imposed a three-year term on that count before staying it. Counsel argued that the trial court's order was void and an excess of jurisdiction.

4

At a hearing held on April 30, 2021, the trial court followed the recommendation of the CDCR by staying defendant's sentence on the section 12022.7, subdivision (a) enhancement under section 654. The court, however, declined to make any other changes to defendant's sentence. As to defendant's request to reduce the stayed three-year term on count 3 to 16 months, the court stated: "All right. So, as mentioned, the original sentence to Mr. Rocha was 38 years eight months. However, after the remittitur, the Court stayed Count 3 pursuant to [section] 654 and the new sentence was 37 years four months because that 16-month sentence was not allowed under the [C]ourt of [A]ppeal opinion. The Court had previously simply sentenced him to the upper term of three years. Rather than staying the 16 months, I stayed the three years. [¶] It doesn't really make much difference one way or the other because that time can never be imposed. When and if Mr. Rocha is paroled, if he violated, he doesn't get that time. That time can never be imposed upon him. So there's no danger of him receiving more time than he should. So there was no additional issues taken by the Court's imposition of the three years which was stayed, and so I think we'll just stick with that." The court therefore imposed a total prison term of 34 years four months. Defendant timely appealed from the court's judgment.

## III. DISCUSSION

Defendant contends the trial court exceeded its jurisdiction when it increased his sentence on count 3 to three years following our remittitur because the court was required

5

to follow the directions issued by this court in our opinion in case No. E059570, and its failure to do so requires a remand. The People agree, as do we.

"[T]he essence of remittitur is the returning or revesting of jurisdiction in an inferior court by a reviewing court." (*Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 10 (*Gallenkamp*).) "Once we finally resolve a criminal appeal, and after the time has passed for the Supreme Court to grant review, we issue a remittitur to remit the appellate court judgment to the trial court, to divest the appellate court of further jurisdiction, and to transfer jurisdiction back to the trial court. (Cal. Rules of Court, rule 8.272.) 'Remittitur transfers jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court.'" (*People v. Awad* (2015) 238 Cal.App.4th 215, 223, quoting *Gallenkamp*, at p. 10.)

"The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701 (*Griset*).) The Supreme Court has stated: "When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void. [Citations.]" (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655.) "When . . . there is an appeal from a void judgment [or order], the reviewing court's jurisdiction is limited to reversing the trial court's void acts. [Citations.]" (*Griset*, at p. 701.)

6

"'When there has been a decision on appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.'" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 (*Dutra*), citing *Stafford v. Municipal Court* (1960) 180 Cal.App.2d 368, 370-371.) "'Where a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.'" (*Dutra*, at p. 1367.)

Here, the disposition in the prior opinion, case No. E059570, was clear. In the prior appeal, this court modified the judgment and ordered the trial court "to stay the one-year-four-month sentence on count 3 (participation in a street gang) under section 654." In all other respects, we affirmed the judgment and directed the trial court "to prepare a corrected abstract of judgment and to forward it to the Department of Corrections and Rehabilitation." The disposition did not direct the trial court to take any further actions, and certainly not to increase the sentence on count 3 to three years. By increasing the term on count 3, the trial court acted in contravention of the remittitur. Such sentence imposed by the trial court upon remand is thus void.

The trial court was bound by the terms of our remittitur. "A trial court may not disobey a remittitur, as that would amount to overruling the appellate court's decision, thereby violating a basic legal principle: 'Courts exercising inferior jurisdiction must

7

accept the law declared by courts of superior jurisdiction.  It is not their function to attempt to overrule decisions of a higher court.'" (*Dutra*, *supra*, 145 Cal.App.4th at p. 1362.)  "Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review."  (*Ayyad v. Sprint Spectrum*, *L.P.* (2012) 210 Cal.App.4th 851, 859.)  The term of the remittitur should have been obeyed by the trial court.

## IV.  DISPOSITION

We order the sentence imposed on count 3 by the trial court upon remand vacated. The matter is remanded to the trial court with directions to reduce the stayed three-year term on count 3 (participation in a street gang) to a stayed 16-month sentence.  The clerk of the superior court is directed to prepare an amended abstract of judgment reflecting the modification and to forward it to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


McKINSTER
J.

8