Filed 11/24/21  P. v. Garcia CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>IZICK DAVID GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B309957<br>(Super. Ct. No. SB210974)<br>(Santa Barbara County) |

Izick David Garcia was convicted in 1996 of multiple violent sex offenses, including rape, and was sentenced to a prison term of 94 years to life.  Garcia was 17 at the time of the crimes.  We affirmed the judgment.  (*People v. Garcia* (July 29, 1997, B104833) [nonpub. opn.] (*Garcia I*).)

The trial court subsequently granted Garcia's petition for writ of habeas corpus and resentenced him to 50 years to life in state prison.  It found that this sentence, unlike his prior sentence, afforded Garcia a meaningful opportunity for a parole hearing during his natural life expectancy.  (*People v. Garcia* (2018) 30 Cal.App.5th 316, 320 (*Garcia II*).)

On appeal from the resentencing order, Garcia argued he was entitled to a juvenile court transfer hearing. We agreed and noted that if the juvenile court transferred Garcia to adult criminal court, he would have to be resentenced again in light of *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*). *Contreras* held that a 50-year-to-life sentence for juveniles convicted of serious sex offenses, i.e., One Strike youthful offenders,[1] was the functional equivalent of life without the possibility of parole and therefore unconstitutional. (*Id.* at pp. 367, 359-360; see *Garcia II, supra,* 30 Cal.App.4th at pp. 320-321.)

On remand, the juvenile court transferred the matter to adult criminal court, which elected to forego resentencing and to instead reimpose the vacated 50-year-to-life sentence. The court explained that the California Department of Corrections and Rehabilitation (CDCR) had instituted a policy making One Strike youthful offenders eligible for a youthful-offender parole hearing (YOPH) after serving 25 years in prison. Under this policy, Garcia became eligible for parole on February 6, 2019, at the age of 41, and initially was scheduled for a YOPH on January 21, 2021, at the age of 44. That hearing was postponed because Garcia was participating in court proceedings. He is now scheduled for a YOPH on April 6, 2022. If, for some reason, that hearing does not go forward, Garcia will be placed on the next available hearing calendar.

---

[1] "The 'One Strike' law is an alternative, harsher sentencing scheme that applies to specified felony sex offenses," including those committed by Garcia. (*People v. Edwards* (2019) 34 Cal.App.5th 183, 192 (*Edwards*).) Penal Code section 3051, subdivision (h) establishes youthful-offender parole hearings for most offenses, including first degree murder, but excludes One Strike youthful offenders from such consideration.

Garcia contends the trial court failed to follow our remand order in *Garcia II*. We agree. The court did not resentence Garcia, discuss "any mitigating circumstances of [Garcia's] crimes and life," or "impose a time by which [Garcia] may seek parole, consistent with *Contreras*." (*Garcia II*, *supra*, 30 Cal.App.5th at p. 330.) We reverse and remand for resentencing.

PROCEDURAL BACKGROUND[2]

The trial court's resentencing hearing occurred on November 20, 2020. Jill Andrea Johnson, a CDCR case records administrator, testified regarding CDCR's policy to provide One-Strike youthful offenders an opportunity for parole. She explained that the YOPH policy was implemented after *Edwards* was decided. *Edwards* held that the categorical exclusion of One-Strike youthful offenders from Penal Code section 3051 violated equal protection principles. (*Edwards*, *supra*, 34 Cal.App.5th at p. 197.) The court found it irrational that a parole opportunity given to youthful first degree murderers would be denied to an entire class of youthful offenders who did not commit homicide.[3] (*Id.* at p. 199.)

The CDCR began scheduling parole hearings for One-Strike youthful offenders in approximately January 2020. Garcia has had two such hearings cancelled and three postponed. His current YOPH is in April.

---

[2] The facts surrounding Garcia's offenses are not relevant to this appeal.

[3] Although CDCR is currently following *Edwards*, the issue presented in that case is currently on review by the California Supreme Court. (*People v. Williams* (2020) 47 Cal.App.5th 475, 490 [disagreeing with *Edwards*; no equal protection violation], review granted July 22, 2020, S262191.) No oral argument date has been set.

The trial court reinstated Garcia's convictions, as we had directed, but chose "not . . . to go forward [with the resentencing] hearing." It reimposed the vacated sentence of 50 years to life without any analysis and ordered that the YOPH take place no later than July 1, 2021. The court noted the parties could request a change in the date if necessary. It stated it "will take up the matter [of resentencing] after the defendant's parole hearing."

## *Garcia Must be Resentenced as Previously Directed*

"[T]he courts of appeal, may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (Code of Civ. Proc., § 43.) "'The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned.'" (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.) The rule requiring the trial court to follow the terms of the remittitur is jurisdictional. (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 [the remittitur "define[s] the trial court's jurisdiction to act"].)

"'When there has been a decision on appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.' *(People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 (*Dutra*); *Stafford v. Municipal Court* (1960) 180 Cal.App.2d 368, 370-371.) In other words, "'the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.'" (*Dutra*, at p. 1367.)

4

Our directions in *Garcia II* were specific. First, we vacated Garcia's sentence and conditionally reversed his convictions. Second, we directed that if the juvenile court transferred the matter to adult criminal court, which it did, the court shall reinstate Garcia's convictions but conduct a resentencing hearing on the vacated sentence. Finally, we instructed the court to "consider, in light of the opinion in *Contreras*, any mitigating circumstances of [Garcia's] crimes and life, and the impact of any new legislation and regulations on appropriate sentencing" and to "impose a time by which [Garcia] may seek parole, consistent with *Contreras*." (*Garcia II*, *supra*, 30 Cal.App.5th at p. 330.)

The trial court reinstated Garcia's convictions but did not proceed with resentencing. It reimposed the 50-years-to-life sentence we had previously vacated as unconstitutional. (*See Contreras*, *supra*, 4 Cal.5th at pp. 359-360, 367.) While it is possible that sentence would survive an equal protection challenge given CDCR's current policy of allowing One-Strike youthful offenders a youthful-offender parole hearing, that issue is not before us on appeal. Indeed, as the parties point out, the CDCR policy may be changed or even eliminated if the Supreme Court disapproves *Edwards* when it decides *People v. Williams*, *supra*, 47 Cal.App.5th 475.

Finally, the trial court's decision to take up the resentencing after the parole hearing does not aid Garcia, who still must be resentenced pursuant to *Garcia II*. It will be difficult for the Board of Parole Hearings (Board) to make an informed decision regarding parole when Garcia's sentence remains uncertain. The Board also would not have the benefit of the court's view of "any mitigating circumstances of [Garcia's] crimes and life," which typically are relevant in parole decisions. (*Garcia II*, *supra*, 30 Cal.App.5th at p. 330.) Under these circumstances, we conclude that the 50-years-to-life sentence

5

imposed by the trial court is void and must be readdressed on remand.[4] (See *Dutra*, *supra*, 145 Cal.App.4th at p. 1366.) The court is directed to resentence appellant as the law provides when it pronounces judgment and not based on any perception of future legislative or policy changes.

DISPOSITION

The trial court's order, dated November 20, 2020, imposing the 50-years-to-life sentence is reversed and the matter is remanded for resentencing in accordance with this opinion and our remittitur in *Garcia II.*

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

---

[4] The People contend Garcia waived his arguments on appeal by failing to raise objections in the trial court. Objections to sentencing errors generally must be preserved, but where, as here, the sentence was entered in excess of the court's jurisdiction, the matter is reviewable. (*People v. Smith* (2001) 24 Cal.4th 849, 852.)

6

Brian E. Hill, Judge
Superior Court County of Santa Barbara

_____

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Garcia.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.