PHYLLIS M. RIEMER, APPELLANT, *v.* KARL RIEMER, RESPONDENT.

No. 3986

October 22, 1956.                                    302 P.2d 483.

*Morgan Anglim* and *John S. Field,* of Reno, and *Wright, Wright, Green & Wright,* of Los Angeles, California, for Appellant.

*Oliver C. Custer,* of Reno, for Respondent.

# OPINION

*Per Curiam:*

Motion for allowances and for stay of proceedings ad interim. Phyllis M. Riemer, having filed her appeal from the order of the district court granting her husband's motion for modification of an order for support of their minor children, now moves this court for allowances as follows: clerk's fee of $25 for filing appeal; $350 for preparation of record on appeal; and $2,500 preliminary attorney fees for prosecuting the appeal. These proceedings are the latest in a long history of litigation between the parties.

Neither in this court nor in the lower court has the wife alleged necessitous circumstances, but she asserts that neither an allegation nor a showing of necessitous circumstances is essential to her right to the allowances sought. In support of this contention she insists (1) that by a contract of settlement with her husband, the latter agreed to pay all costs and expenses of the then pending or future litigation, and (2) that in any event she is not seeking any further allowances for herself but merely for the minor children of the parties.

(1) The contractual obligation of the husband is disputed by him as a matter of law. Should it be determined to exist, it may indeed be grounds for the wife's demand

for judgment for attorney fees etc. upon the conclusion of the case, but does not bring her within the rule consistently followed by this and other courts that preliminary allowances are granted in order to enable her to prosecute her appeal. Black v. Black, 47 Nev. 346, 221 P.239; Effinger v. Effinger, 48 Nev. 205, 228 P.615; Fleming v. Fleming, 58 Nev. 179, 72 P.2d 1110. If she has ample funds to prosecute the appeal, the husband's agreement as above recited would not in itself compel a preliminary order.

(2) Nor does the fact that her appeal seeks a reversal of the order reducing the husband's payments for the support, maintenance and education of the children (as distinguished from alimony orders) alter the situation. No authorities have been cited recognizing such a distinction.

The motion for allowances is denied.