PHYLLIS M. RIEMER, Appellant, *v.* KARL
RIEMER, Respondent.

No. 3986

July 30, 1957

314 P.2d 381

*Wright, Wright, Green and Wright,* of Los Angeles,
California and *John S. Field* and *Morgan Anglim,* both
of Reno, for Appellant.

*Oliver C. Custer,* of Reno, for Respondent.

**OPINION**

By the Court, EATHER, J.:

This is an appeal taken by the mother of minor children from order of the trial court reducing in amount the father's obligation to provide for support of the children. The parties will be referred to as mother and father.

In December 1948 a final decree of divorce was granted the mother by the court below, which decree, pursuant to agreement between the parties, awarded her custody of the minor children and required the payment by the father of specified sums for the children's support. In December 1953 the father filed a motion to modify the decree by reducing in amount his obligation for support. In support of his motion he showed a reduction of his income by approximately one-half. Upon this showing the modification was ordered to provide payment by the father of the sum of $50 per month for each child during minority and while such child was living with the mother. This appeal is taken from that order.

Two points are raised by the appeal.

First, the mother contends that the trial court's action is not supported by any evidence touching upon the best interests of the minor children; that it serves only to reduce the father's obligation of support.

Upon the authority of Paine v. Paine, 71 Nev. 262, 287 P.2d 716, she contends that there was nothing upon which the court's discretion properly could operate. This is a misconstruction of the holding in the Paine case, which misconception, if allowed to stand, would effectively preclude any reduction in support payments regardless of justification.

The Paine case was not concerned with the adjustment of a father's obligation of support. In that case, by agreement and decree, the father had been relieved of all general obligation of support, which obligation had been assumed by and placed upon the mother. The question there was whether under the court's continuing jurisdiction over matters concerning the welfare of the children a duty could be created where none before had existed; whether the mother's duty could be shifted to the father. We held that this could not be done unless it appeared that interests of the minor children were in some manner concerned with the change. It was a case where action of the trial court amounted to relief of the mother without affecting the monetary interests or needs of the children.

In the present case the obligation of support remains with the father and serves to continue in existence a relationship with which the children, the father and the court are concerned. It is not a fixed obligation but one which is subject to readjustment as circumstances may direct, and the court's power of adjustment is not limited to changes in the children's favor. There is no merit in this contention.

Second, the mother contends that the father's right to seek reduction upon the ground advanced by him has already been adjudicated against him and that he is barred by res adjudicata.

In July 1952 the mother brought suit against the father in the District of Columbia and secured judgment for arrears in support payments under the agreement between the parties upon which the 1948 Nevada decree had been based. In that action the father sought

revision of his obligation of support upon grounds provided by the agreement. The court ruled that grounds for revision did not exist. Judgment was rendered December 8, 1953. Eight days later the father filed his motion for modification below.

Res adjudicata, however, was not asserted upon the hearing of this motion by the attorney then representing the mother. The District of Columbia judgment was then in course of appeal and this may well have been the reason. The mother here contends that since she was but resisting the father's motion there was no occasion for her formally to plead res adjudicata; that the trial court was well aware of the existence of the District of Columbia judgment since reference constantly was made to it throughout the course of the hearing.

The mother, however, countered the father's motion below with her own motion to establish judgment for arrearages and reference to the District of Columbia judgment appears to have been in connection with this matter. The fact remains that never during the course of the hearing was the contention advanced that the father's right to seek modification was barred by res adjudicata. The trial judge was in effect urged by both parties to an independent exercise of discretion in the matter. Res adjudicata is asserted for the first time upon this appeal and will not be considered. Allen v. Ingalls, 33 Nev. 281; 111 P. 34, 114 P. 758; Dondero v. Turrillas, 59 Nev. 374, 94 P.2d 276; Harper v. Lichtenberger, 59 Nev. 495, 499, 92 P.2d 719, 98 P.2d 1069, 99 P.2d 474.

The mother seeks judgment for attorney's fees incurred in the taking of this appeal in accordance with the father's obligation by agreement to pay all costs and expenses involved in the divorce litigation. This contractual obligation is disputed by the father.

This point was asserted by the mother upon her motion for allowances before this court and was held not to entitle her to preliminary counsel fees in absence

of a showing of necessitous circumstances. Riemer v. Riemer, 72 Nev. 257, 302 P.2d 483. Counsel fees are not allowed as costs in such a proceeding as this. If they are recoverable it must be on the basis of contract. A determination of the father's contractual obligations and a rendering of judgment thereon in the first instance is not a part of the appellate function of this court. If contractual rights exist in the mother they must be ascertained and adjudicated in the usual manner and not in the first instance upon appeal.

Affirmed.

The appellant is awarded costs.

BADT, C. J., and MERRILL, J., concur.