PAUL COWGILL, as Administrator of the Estate of JOSEPH M. PABIS; H. H. PORTER, as Administrator of the Estate of HERBERT E. KIMMEL, Appellants, v. KATE N. DODD, Individually, and KATE N. DODD, as Guardian of the Estate of RICHARD RYLAND DODD, Incompetent, Respondents.

No. 6417

September 1, 1971                         488 P.2d 353

*Streeter, Sala & McAuliffe,* of Reno, for Appellants.

*Oliver C. Custer; Vargas, Bartlett & Dixon* and *Frederic R. Starich,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

In Dodd v. Cowgill, 85 Nev. 705, 463 P.2d 482 (1969), we affirmed a district court judgment for the lessees upon their counterclaim, including an award of attorneys fees. The lease agreement provided for such fees to the prevailing party. After remittitur from this Court the unsuccessful lessor paid the judgment and a satisfaction of judgment was filed. About one month later counsel for lessees requested leave from the district court to file a supplemental counterclaim in that case seeking an additional award of attorneys fees for services rendered in successfully defending the lessor's appeal from the judgment. The district court denied that motion and this appeal followed.

Dodd v. Cowgill, supra, was terminated as to all issues settled by the judgment when remittitur was issued. Cf. Misty Management v. District Ct., 83 Nev. 180, 426 P.2d 728 (1967). Provision is not made to re-open the case for the purpose of assessing attorneys fees incurred in successfully defending the post-judgment appeal, nor is the order from which this appeal is taken stated to be an appealable order. We intimate no opinion concerning the propriety of an independent action to recover such fees, Riemer v. Riemer, 72 Nev. 257, 302 P.2d 483 (1956); Riemer v. Riemer, 73 Nev. 197, 314 P.2d 381 (1957), nor as to the validity of possible defenses thereto.

Appeal dismissed.