CITY OF BOULDER CITY, NEVADA, Appellant, *v.* GENERAL SALES DRIVERS, DELIVERY DRIVERS AND HELPERS, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION NO. 14; PHILLIP TAMOUSH; and LOCAL GOVERNMENT EMPLOYEE—MANAGEMENT RELATIONS BOARD, Respondents.

No. 15414

January 22, 1985                              694 P.2d 498

*Gardner and Stoebling,* Las Vegas; *Richards, Watson, Dreyfuss & Gershon,* and *Norman Kirshman,* Los Angeles, California, for Appellant.

*Gang & Berkley,* Las Vegas, for Respondent General Sales Drivers, Delivery Drivers and Helpers, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 14.

*Brian McKay,* Attorney General, and *Don Christensen,* Deputy Attorney General, Carson City, for Respondent Local Government Employee-Management Relations Board.

## OPINION

*Per Curiam:*

The City of Boulder City, Nevada (City), has appealed from an order of the district court denying its petition for judicial review of the decision of an arbitrator resolving the impasse in its negotiations with respondent General Sales Drivers and Helpers, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 14 (Union). The City has predicated its appeal upon the contention that the arbitrator's decision must be reviewed according to the standards established for governmental agencies in the Nevada Administrative Procedure Act, NRS Chapter 233B. The Union, on the other hand, contends that the decision of an arbitrator is reviewable pursuant to the provisions of NRS Chapter 38, the Uniform Arbitration Act. We are persuaded that it was the intent of the legislature that the arbitration statute apply.

The arbitration award which is the subject of this appeal was issued pursuant to NRS 288.215, a special experimental provision of the Local Government Employee-Management Relations Act. Enacted in 1977 for a temporary period, the statute applies only to firemen and their local government employers.[1] It provides that as a final step in the bargaining process, after the parties have participated in all other methods of dispute resolution provided for in the Act, including advisory factfinding, "They shall, within 10 days after the factfinder's report is submitted, submit the issues remaining in dispute to an arbitrator. . . ." NRS 288.215(3). After a hearing, and an option period of final negotiations, each party submits a final written offer to the arbitrator for selection, on the basis of certain statutory criteria. NRS 288.215(7), (8), and (9); NRS 288.200. The statute specifically provides that "[t]he decision of the arbitrator is final and binding on the parties." NRS 288.215(9).

It is presumed that in enacting a statute the legislature acts with

---

[1]Originally set to expire on July 1, 1981, the statute now will expire July 1, 1985. 1977 Nev. Stats. ch. 462 § 6 at 918; 1981 Nev. Stats. ch. 743, § 10 at 1871.

full knowledge of existing statutes relating to the same subject. Ronnow v. City of Las Vegas, 57 Nev. 332, 366, 65 P.2d 133 (1937). We will construe a statute so as to accomplish the legislature's purpose. NL Industries v. Eisenman Chemical Co., 98 Nev. 253, 645 P.2d 976 (1982). There is a well-known history of arbitration and a traditional use of the terms ''arbitrator'' and ''final and binding'' in the context of labor relations. *See* United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). In *Enterprise Wheel and Car,* above, 363 U.S. at 596, the United States Supreme Court held that substantive review by the courts of arbitration awards was inappropriate in light of the special qualifications of arbitrators for resolving labor disputes by virtue of their knowledge of the customs and practices of a particular factory or a particular industry. The court noted that plenary judicial review ''would make meaningless the provisions that the arbitrator's decision is final, for in reality it would almost never be final.'' *Id.* at 599. In light of this history and tradition we are persuaded that when the legislature chose to require submission of these disputes to an ''arbitrator,'' and further determined that such arbitration awards should be ''final and binding,'' it did so with the intention that the procedures set forth in NRS Chapter 38, including its limited standard of judicial review, should apply.

The Uniform Arbitration Act provides that a court may vacate an arbitration award when the moving party can show that the award was ''procured by corruption, fraud or other undue means,'' NRS 38.145(1)(a); that there was ''evident partiality'' on the part of a neutral arbitrator or other prejudicial misconduct, NRS 38.145(1)(b); or that the arbitrator exceeded his powers or improperly conducted the hearing contrary to the statutory requirements found in NRS 38.075. Appellant has presented no substantial basis for a finding that the award should be vacated on any of these grounds.

Appellant's remaining contentions are either without merit or based upon its threshhold argument that the Administrative Procedure Act, rather than the Uniform Arbitration Act, should be applicable. Accordingly, we affirm the order of the district court, denying appellant's petition for judicial review.

SPRINGER, A. C. J., and MOWBRAY, STEFFEN, and GUNDERSON, JJ., and ZENOFF, Sr. J.,[2] concur.

---

[2]THE HONORABLE DAVID ZENOFF, Senior Justice, was designated to sit in this case. Nev. Const., art. 6 § 19; SCR 10.