ANTHONY J. MUSSO AND DONNA M. MUSSO, APPELLANTS, v. ROBERT J. BINICK AND JUNE A. BINICK, RESPONDENTS.

No. 18335

November 22, 1988                          764 P.2d 477

*Albert D. Massi,* and *Allen A. Cap,* Las Vegas, for Appellants.

*Richard McKnight,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondents' motion for summary judgment and awarding attorney's fees to respondents. On June 23, 1988, this court issued an order dismissing this appeal. Respondents, having prevailed on appeal, have moved for an award of attorney's fees on appeal. The motion is opposed.

The district court awarded respondents attorney's fees pursuant to a sales agreement which provides: "[I]n the event any parties shall prevail in any legal action commenced to enforce the agreement, they shall be entitled to all costs incurred in such action including attorney's fees." This court upheld the district court's award. Respondents now contend that they are entitled to an additional award of attorney's fees pursuant to this contractual agreement for having successfully defended their judgment on appeal. We agree.

Although some courts have construed general provisions for attorney's fees in contracts as not including an award of attorney's fees on appeal, the majority of states now recognize that a contract provision for attorney's fees includes an award of fees for successfully bringing or defending an appeal. *See, e.g.,* Zambruk v. Perlmutter 3rd Generation Builders, Inc., 510 P.2d 472, 476 (Colo.Ct.App. 1973); Management Services v. Development Associates, 617 P.2d 406 (Utah 1980); Annotation, *Contractual Provision for Attorneys' Fees as Including Allowance for Services Rendered Upon Appellate Review,* 52 A.L.R.2d 863 (1957). The purpose of such contractual provisions, to indemnify the prevailing party for the full amount of the obligation, is defeated and a party's contract rights are diminished if the party is forced to defend its rights on appeal at its own expense. We

therefore conclude that respondents are entitled to an award of attorney's fees pursuant to the contractual agreement of the parties. We note, however, that the determination of a "reasonable" attorney's fee involves questions of fact. *See* Pennsylvania v. Del. Valley Citizens' Council, 478 U.S. 546 (1986). Indeed, in this case, respondents seek an award of fees for services performed on appeal and for services performed in the district court in pursuing post-appeal motions to enforce the judgment. Appellants argue that the amount of the fee sought by respondents is unreasonable. These questions should be addressed, in the first instance, by the district court with its greater fact-finding capabilities, subject to our review. *See Zambruk,* 510 P.2d at 476; Puget Sound Mutual Savings Bank v. Lillions, 314 P.2d 935 (Wash. 1957), *cert. denied,* 357 U.S. 926 (1958). Accordingly, we deny respondents' motion for an award of attorney's fees on appeal without prejudice to respondents' right to raise this motion in the district court.[1]

---

[1]This court has not previously addressed this precise issue on the merits. Nevertheless, in Cowgill v. Dodd, 87 Nev. 401, 488 P.2d 353 (1971), this court dismissed as procedurally improper an appeal from an order of the district court denying a litigant's motion to file in the district court an amended counterclaim seeking attorney's fees on appeal following an appeal to this court in which the litigant had prevailed. This court noted that the district court's order was not appealable and that the district court's judgment could not be reopened to allow the filing of a new counterclaim. This court did not hold, however, that a litigant cannot seek by motion in the district court an award of attorney's fees on appeal based on a contractual provision for such fees after prevailing in the appeal. To the extent that *Cowgill* would appear to preclude the filing of such a motion in the district court following the issuance of this court's remittitur, it is expressly disapproved.