CRAIG CERMINARA, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE EARLE W. WHITE, JR., DISTRICT JUDGE, Respondent, CALIFORNIA HOTEL AND CASINO dba SAM'S TOWN HOTEL GAMBLING HALL AND BOWLING CENTER, Real Party in Interest.

No. 19381

December 9, 1988                765 P.2d 182

*Hilbrecht & Associates* and *Frederick S. Geihs,* Las Vegas, for Petitioner.

*Rawlings, Olson & Cannon* and *John E. Gormley,* Las Vegas, for Respondent and Real Party in Interest.

## OPINION

*Per Curiam:*[1]

This petition for extraordinary relief challenges an order of the

---

[2]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.

[1]On November 10, 1988, this court resolved this petition in an unpub-

district court staying enforcement of a judgment below pending its decision on a motion to entertain a previously filed motion for a new trial.

In 1983, petitioner (Cerminara) visited Sam's Town Hotel and Casino and, while there, was severely beaten by security officers. Cerminara sued Sam's Town, and a jury ultimately awarded Cerminara a total of $5,000 in compensatory damages and $100,000 in punitive damages. After the verdict was returned, Sam's Town filed a "Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Motion for a New Trial and/or Remittitur." The district court granted the motion for JNOV, and Cerminara appealed that decision to this court. On August 25, 1988, this court reversed the order granting the motion for judgment notwithstanding the verdict, and reinstated the jury's verdict. *See* Cerminara v. California Hotel and Casino, 104 Nev. 372, 760 P.2d 108 (1988).

On September 13, 1988, after this court issued its remittitur, Sam's Town filed in the district court an "Ex Parte Motion for Stay of Enforcement of Judgment Pursuant to NRCP 62." In that motion, Sam's Town noted that although the district court had previously granted its motion for a JNOV, it had never ruled on the motions for a new trial or for remittitur that were filed contemporaneously with the motion for JNOV. Therefore, Sam's Town requested that the district court stay enforcement of the judgment below so that the court could resolve the motions for new trial and for remittitur that Sam's Town alleged were still pending below. On September 14, 1988, the district court entered an order granting Sam's Town's motion for a stay. This proceeding followed.

On October 6, 1988, during the pendency of this proceeding, Cerminara filed in the district court a notice that Sam's Town had satisfied the judgment against it. Thus, it appears that any issues relating to the propriety of the stay order are now moot, and the only issue left for this court's review is whether the district court has jurisdiction to entertain the new trial motion.

NRCP 50(b) allows a motion for a new trial to be joined with a motion for JNOV. Further, NRCP 50(c)(1) governs the procedure to be followed by the district courts when ruling on motions for JNOV that are joined with a motion for a new trial. NRCP 50(c)(1) provides in pertinent part:

> If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule, is granted, the

lished order. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order granting the petition for writ of prohibition filed November 10, 1988.

court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.

Cerminara notes in the present case that despite the directions contained in NRCP 50(c)(1), *supra,* the district court did not rule on Sam's Town's motion for a new trial when it granted the JNOV motion. He further points out that Sam's Town never objected to the fact that the district court did not rule on its motion for a new trial, and failed to take any action to compel a ruling on that motion until after this court's decision on appeal. Thus, Cerminara argues that Sam's Town abandoned its motion for a new trial and that, therefore, the district court lacks jurisdiction to entertain the motion for a new trial at this time. We agree.

Initially, we note that in Oberman v. Dun & Bradstreet, Inc., 507 F.2d 349 (7th Cir. 1974), the court was faced with facts identical to those in the present case and concluded that the motion for a new trial was abandoned because the moving party took no action to compel a ruling on that motion after the trial court granted a motion for JNOV. Further, we note that in our prior opinion, we reversed the order granting Sam's Town's motion for JNOV, and reinstated the jury's verdict. When the remittitur issued for this court, it terminated the case below as to all issues settled by the judgment. *See* Cowgill v. Dodd, 87 Nev. 401, 488 P.2d 353 (1971). Upon receipt of this court's remittitur, it was the duty of the district court to comply with the mandate of this court without variation. *See* Vinton Eppsco Incorporated of Albuquerque v. Showe Homes, Inc., 638 P.2d 1070, 1071 (N.M. 1981). Thus, the only task left to the district court after receiving this court's remittitur was to reinstate the jury's verdict. If this court's mandate was erroneous in any respect, it was incumbent upon the parties to apprise this court of the perceived error in a petition for rehearing. *See* NRAP 40.

Under the circumstances of this case, we conclude that the district court lacks jurisdiction to entertain Sam's Town's motion for a new trial. Therefore, we grant this petition and we direct the clerk of this court to issue a writ of prohibition, forthwith, enjoining the district court from entertaining the motion for a new trial.[2]

---

[2]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this matter.