HUGO LOREN,                          )    APPEAL NO. 89-006
       Plaintiff/Appellant,          )    CIVIL ACTION NO. 86-644
                                     )
       vs.                           )
                                     )    OPINION
E'SAIPAN MOTORS, INC.,               )
       Defendant/Appellee.           )
                                     )
_____)

Submitted Without Oral Argument March 26, 1990

Counsel for Plaintiff/Appellant:  Reynaldo O. Yana
                                  P. O. Box 52
                                  Saipan, MP  96950

Counsel for Defendant/Appellee:   Kenneth L. Govendo
                                  P. O. Box 2377
                                  Saipan, MP  96950

BEFORE:  DELA CRUZ, Chief Justice, BORJA, Justice, and KOSACK,
         Special Judge.

BORJA, Justice:

## FACTS

This is an employment case, involving a non-resident worker, Hugo Loren, hereafter "Loren," who sued his employer, E'Saipan Motors, Inc., hereafter "E'Saipan," for unpaid overtime wages.

At the conclusion of a non-jury trial, the lower court

134

issued its decision on October 27, 1987, and concluded, as a matter of law, among other things, that:

3. Loren's inability to perform as a qualified outboard motor mechanic constituted a breach of his contract with Alvarez [E'Saipan]. Loren could not perform under the contract and the contract became void and unenforceable.

4. The agreement on the part of Loren, Regis and Alvarez to allow Loren to continue to work at Alvarez' business as a general helper and cleaner and to reduce his salary without the approval of the Chief of Labor was in direct violation of law and specifically 3 CMC 4436 and 4437(e).

The lower court, therefore, adjudged that Loren take nothing from E'Saipan.

Loren appealed.

On appeal, the Appellate Division of the District Court for the Northern Mariana Islands, in its Opinion of November 8, 1988, stated that

The decision of the trial court is REVERSED and this matter is REMANDED with instructions that the trial court:
1. Find the rates of pay paid to the appellant by the appellee during the time of his employment;
2. Compute the overtime wages due appellant;
3. Find whether the failure to pay overtime wages was willful and, if so, assess liquidated damages and award attorney fees.

On remand, the lower court refused to follow the mandate of the appellate court. Its rationale was basically that it had found two (2) reasons as to why the contract was unenforceable. Since Loren appealed only one (1) of the reasons,

135

the trial court interpreted the opinion of the appellate court as reversing it on only one of the two reasons. Consequently, in its May 9, 1989, Judgment After Remand from the Appellate Court, it determined that the contract was still unenforceable.

Loren filed a motion for reconsideration. After a hearing, the lower court denied the motion.

This appeal followed.

## ISSUE PRESENTED

The sole issue we need to address on this appeal is whether the trial court erred in not following the mandate of the appellate court.[1]

## STANDARD OF REVIEW

The standard of review in this appeal is _de novo_, since the issue raised involves a legal question. _Robinson v. Robinson_, No. 89-012, slip op. at 4 (NMI February 5, 1990); _EDLF v. Pangelinan_, 2 CR 451 (D.NMI App.Div. 1986); and _Marianas Public Land Trust v. Government NMI_, 2 CR 870 (D.NMI App.Div. 1986). See also, _United States v. McConney_, 728 F.2d 1195 (9th Cir. 1984).

## ANALYSIS

The lower court erred in its Judgment After Remand from

---

[1]Resolution of this issue is dispositive of this appeal. We need not reach the other issues raised by the parties.

the Appellate Court.

The first basis for our holding is that the trial court was in error when it found that it had been reversed on only one issue. The appellate court ruled that "The _decision_ of the trial court is REVERSED...." (Underscoring added.) It was _not_ reversing on only one issue. It was reversing the _decision_ of the trial court.

Secondly, the trial court erred when it read the Appellate Division's Opinion as directing it to enforce the contract. See page 2 of Judgment After Remand from Appellate Court. While there is language in the Opinion of the Appellate Division that the contract is enforceable, that court, in its conclusion, does not enforce the contract, but decides the appeal on a quasi-contract theory, _i.e._, restitution. Compare pages 7 and 11 of Opinion.

Lastly, even assuming that the lower court was correct in its interpretation of the Appellate Division Opinion, it erred in its conclusion that it did not have to comply with the mandate. It was required to comply with the mandate. As stated in _Vinton Eppsco, Inc. of Albuquerque v. Showe Homes, Inc._, 638 P.2d 1070 (N.M. 1981)

> The district courts have only such jurisdiction on remand as the opinion and mandate of an appellate court specifies. (Citation omitted.) It is well settled that the duty of a lower court on remand is to comply with the mandate of the appellate court, and _to obey the directions therein without variation_ (emphasis in original), _even though the mandate_

137

<u>may be erroneous</u>. (Citation omitted.) (Emphasis added.)

In <u>Puritan Leasing Co. v. Superior Court of Santa Barbara County</u>, 142 Cal. Rptr. 676, 76 C.A.3d 140 (1977), it is further stated that

> "...The trial court is empowered to act only in accordance with the direction of the reviewing court; <u>action which does not conform to those directions is void</u>." (Citation omitted.) ... The strict rule applies although the directions of the reviewing court are based upon an erroneous concept. The remedy of the party aggrieved by the error lies only in a petition to a reviewing court. (Citation omitted.) (Emphasis added.)

See, also, <u>Cerminara v. The Eighth Judicial District Court</u>, 765 P.2d 182 (Nev. 1988).

The trial court, had a duty to comply strictly with the mandate of the appellate court. This is not a case where the appellate court left discretion to the lower court. It would be a different case if the appellate court had stated that the lower court was to hold further proceedings, without more. See generally, 5 Am.Jur.2d, <u>Appeal and Error</u>, § 992. Here, the appellate court was specific as to what the lower court was to do on remand.

## CONCLUSION

The trial court's Judgment After Remand from the Appellate Court is reversed and remanded with instructions to strictly comply with the judgment and opinion of November 8,

1988, of the Appellate Division of the District Court for the Northern Mariana Islands.

_____
Jose S. Dela Cruz
Chief Justice

_____
Jesus C. Borja
Associate Justice

_____
Rexford C. Kosack
Special Judge