CLARK COUNTY SCHOOL DISTRICT, Appellant, v. ROLLING PLAINS CONSTRUCTION, INC., and RICHARDSON CONSTRUCTION COMPANY, aka RICHARDSON CONSTRUCTION, INC., Respondents.

No. 33283

February 5, 2001        16 P.3d 1079

*C.W. Hoffman Jr.,* General Counsel, Clark County School District, Las Vegas, for Appellant.

*John Peter Lee Ltd.* and *Timothy P. Thomas,* Las Vegas; *Faegre & Benson* and *Brett R. Gunnell,* Denver, Colorado, for Respondent Rolling Plains Construction, Inc.

*Parker Nelson & Arin, Chtd.,* Las Vegas, for Respondent Richardson Construction Company.

Before SHEARING, AGOSTI and LEAVITT, JJ.

## OPINION

*Per Curiam:*

In this case, Clark County School District ("CCSD") breached its contract with general contractor Richardson Construction Company ("Richardson"), thereby causing Richardson to breach its contract with subcontractor Rolling Plains Construction, Inc. ("Rolling Plains"). In subsequent arbitration proceedings involving all of these parties, the arbitrator awarded Rolling Plains its attorney fees as consequential damages for Richardson's breach of contract. The arbitrator also found that CCSD was responsible for the fees expended by Richardson in connection with Rolling Plains' arbitration claims and other damages. The issues presented here are whether CCSD can be held responsible for these attorney fees because: (1) it was foreseeable that CCSD's breach would result in Richardson's breach of its contract with Rolling Plains, and (2) attorney fees are a valid form of consequential damages. We conclude that the arbitrator's decision was not a manifest abuse of discretion, and so affirm the district court's order confirming the arbitration award.

## FACTS

Clark County School District entered into a contract with Richardson Construction Company whereby Richardson was to

perform services as a general contractor for specific retrofit and reconstruction work to Basic High School. Richardson then subcontracted with Rolling Plains Construction to perform the fireproofing improvements at the school.

A controversy between the parties arose when CCSD refused to pay for additional work it ordered Richardson to provide, including certain fireproofing performed by Rolling Plains. Rolling Plains had already completed the work for Richardson, but reserved its right to claim additional compensation associated with the performance of work outside the scope of its subcontract. When the payment issue went unresolved, Rolling Plains commenced proceedings against Richardson with the American Arbitration Association ("AAA"), as was required in the contract as a prerequisite to litigation.

The arbitration demand by Rolling Plains included an attempt to enforce a subcontract agreement which stated that the prevailing party in any dispute between Richardson-Rolling Plains would be awarded "all reasonable attorney fees, costs and expenses incurred in enforcing or attempting to enforce any of said subcontract's provisions." Richardson then joined CCSD as a party in the arbitration under the provisions of the CCSD-Richardson contract.

Following the arbitration hearing, the arbitrator issued an award, opinion, and order concluding that CCSD breached its agreement with Richardson, which in turn caused Richardson to breach its agreement with Rolling Plains. As a result of the determination, the arbitrator held that Rolling Plains' damage award of $168,142.09 against Richardson, which included attorney fees, was to be paid in part by CCSD since CCSD was found to be the cause of Richardson's breach with Rolling Plains.[1]

The district court confirmed the award and this appeal followed.

## DISCUSSION

In Nevada, both "[c]ommon law grounds and statutory grounds exist for the review of arbitration decisions." *Graber v. Comstock Bank,* 111 Nev. 1421, 1426, 905 P.2d 1112, 1115 (1995). As to statutory law, an arbitration decision can be reviewed and vacated, pursuant to NRS 38.145, for a variety of reasons, including instances in which the arbitrator has exceeded his power or shown a propensity for misconduct.

---

[1]Rolling Plains' damage award against Richardson was $168,142. However, the arbitrator only required CCSD to pay $96,327 of the amount due to an agreed credit owed to CCSD by Richardson for work deleted from Richardson's contract.

Under common law grounds, we have held that an arbitration award may be reviewed in order to determine whether the arbitrator's decision represents a "manifest disregard of the law." *See Graber v. Comstock Bank,* 111 Nev. at 1426, 905 P.2d at 1115. This court has defined the "manifest disregard" standard as error that is "obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." *Graber,* 111 Nev. at 1426, 905 P.2d at 1115 (quoting *Williams v. Cigna Financial Advisors Inc.,* 197 F.3d 752, 762 n.2 (5th Cir. 1995)) (citation omitted). Or, in other words, it is a decision that is "arbitrary, capricious, or unsupported by the agreement." *Wichinsky v. Mosa,* 109 Nev. 84, 89, 847 P.2d 727, 731 (1993) (citing *Exber, Inc. v. Sletten Constr. Co.,* 92 Nev. 721, 731, 558 P.2d 517, 523 (1976)).

However, it should be noted that "[r]eview under the manifest disregard standard does not entail plenary judicial review." *Graber,* 111 Nev. at 1428, 905 P.2d at 1116 (citing *City of Boulder v. General Sales Drivers,* 101 Nev. 117, 694 P.2d 498 (1985)). To the contrary, the standard should direct courts to focus only on arbitration awards which imply that the arbitrator was aware "of clearly governing legal principles but decide[d] to ignore or pay no attention to those principles."[2] *Id.* (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930, 933 (2d Cir. 1986)). Thus, "courts are not at liberty to set aside arbitration awards because of an arguable difference regarding the meaning or applicability of laws." *Id.* "A district court's application of the manifest disregard standard is a legal determination that we review de novo." *Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 28 (2d. Cir. 2000).

In this instance, CCSD contends that the arbitrator's decision to hold CCSD partially responsible for Rolling Plains' attorney fees award from Richardson was a manifest disregard of the law, and thus, should be set aside. Specifically, CCSD argues that Nevada recognizes the "American Rule" which prohibits attorney fees from being awarded to the prevailing party absent an agreement, statute, or rule to the contrary. Because the CCSD-Richardson agreement did not contain a fee-shifting provision, CCSD contends that there is no basis for ordering CCSD to pay part of the award. Further, CCSD points to NRS 38.125 and AAA

---

[2]This court has defined "clearly governing legal principles" to include tenets that are "well-defined, explicit, and clearly applicable." *Id.* (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 784 F.2d at 934).

Rule 43 as legal support for the award being prohibited absent an agreement between the parties.[3]

Although CCSD is correct in stating that the ''American Rule'' generally prohibits attorney fees from being awarded to the prevailing party, *see Von Ehrensmann v. Lee,* 98 Nev. 335, 647 P.2d 377 (1982), we do not agree that the rule applies in this context. To the contrary, we have held that ''[i]t is appropriate in some cases to consider attorney fees as an item of damage.'' *American Fed. Musicians v. Reno's Riverside,* 86 Nev. 695, 699, 475 P.2d 220, 222 (1970) (citing *McIntosh v. Knox,* 40 Nev. 403, 413, 165 P. 337, 338-39 (1917)). More specifically, we have determined that when a defendant's conduct causes litigation between the plaintiff and a third party, attorney fees may be recoverable as damages caused by that conduct. *See Lowden Investment Co. v. General Electric,* 103 Nev. 374, 380, 741 P.2d 806, 809 (1987).

In this instance, we conclude that the arbitrator did not demonstrate a manifest disregard for the law. Specifically, the award of attorney fees as consequential damages did not reach beyond the scope of the CCSD-Richardson agreement. Although the CCSD-Richardson contract clearly prohibited any fee-shifting, the agreement only contemplated an ordinary fee award.[4] By failing to delineate whether attorney fees could be awarded as a measure of damages, we conclude that the parties left open the possibility that attorney fees could be included as consequential damages. It is on this basis that we conclude that the arbitrator's decision was appropriate under the circumstances.

Initially, we conclude that it is evident from the record that the arbitrator had sufficient authority to render the consequential damage award. Specifically, the CCSD-Richardson contract stated that the arbitration was to be conducted under AAA rules. AAA Rule 43 provides that the ''arbitrator may grant any remedy or relief, including equitable relief, that the arbitrator deems just and equitable and within the scope of the agreement of the parties.'' By contracting to allow the arbitrator's ruling to include AAA Rule 43, we conclude that CCSD explicitly granted the arbitrator

---

[3]NRS 38.125 states that: ''Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees* . . . shall be paid as provided in the award.'' (Emphasis added.) AAA Rule 43 states that ''[t]he arbitrator may grant any remedy or relief, including equitable relief, that the arbitrator deems just and equitable and *within the scope of the agreement of the parties.*'' (Emphasis added.)

[4]As a result, the arbitrator correctly denied Richardson an ordinary fee award despite the fact that it was the prevailing party as between itself and CCSD at the arbitration.

authority to levy "just and equitable" damages. Thus, we conclude that the award was within the scope of the CCSD-Richardson contract.

Further, we conclude that the award of consequential damages was an appropriate remedy. In order to award consequential damages, the damages claimed for the breach of contract must be foreseeable. *See Barnes v. W. U. Tel. Co.,* 27 Nev. 438 (1904). Under the watershed case, *Hadley v. Baxendale,* 156 Eng. Rep. 145, 151 (1854), foreseeability requires that: (1) damages for loss must "fairly and reasonably be considered [as] arising naturally . . . from such breach of contract itself," and (2) the loss must be "such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract as the probable result of the breach of it."

In this instance, it was foreseeable at the commencement of the CCSD-Richardson agreement that general contractor Richardson would subcontract with third parties to assist in performing the work on the school. Further, it was foreseeable that those third-party contracts would include fee-shifting provisions. Thus, we conclude that the loss was reasonably within "the contemplation of both parties, at the time they made the contract." *See Hadley,* 156 Eng. Rep. at 151.

Thus, once CCSD breached its contract with Richardson, it was foreseeable that its nonadherence to the agreement would begin a chain reaction of sorts—causing Richardson to breach its contract with its subcontractors, including Rolling Plains. Thus, we conclude that Rolling Plains' damages arose naturally from CCSD's breach of contract with Richardson and that the breach was a foreseeable result of CCSD's actions.

CCSD contends that because it entered the Richardson contract prior to the Richardson-Rolling Plains agreement, it had no way of knowing of possible fee-shifting agreements down the line. However, we conclude that this argument lacks merit. We see no reason why CCSD could not have protected itself from foreseeable damages caused by its own breach by bargaining for or obtaining a waiver or limitation of liability on consequential damages. Because these protective measures were ignored, we conclude that it was not incumbent upon Richardson to protect CCSD in the contracts Richardson entered into with its subcontractors.

## CONCLUSION

We conclude that the arbitrator's decision was not a manifest abuse of discretion. Specifically, Nevada caselaw provides that attorney fees are an allowable form of damages under the facts of

this case; the arbitrator had authority to award those damages pursuant to the CCSD-Richardson agreement; and the consequences of CCSD's breach of contract were foreseeable under the circumstances. Accordingly, we affirm the order of the district court confirming the arbitrator's award.