An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CANYON CONSTRUCTION COMPANY, A NEVADA CORPORATION, Appellant/Cross-Respondent, vs. CITY OF ELKO, A MUNICIPAL CORPORATION, Respondent/Cross-Appellant, and KNIGHT PIESOLD AND CO., Cross-respondent. | No. 62956 |

**FILED**

JUN 25 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
REVERSING IN PART AND REMANDING*

This is an appeal and cross-appeal from a district court order confirming an arbitration award and from the district court's judgment on the arbitration award. Fourth Judicial District Court, Elko County; Miriam Shearing, Senior Judge.

An arbitration panel awarded respondent/cross-appellant City of Elko damages associated with the improper construction of a concrete apron at the Elko Regional Airport, but denied all parties' requests for attorney fees and costs because it concluded that all parties prevailed in part. Elko and appellant/cross-respondent Canyon Construction Company both moved to vacate the arbitration award, each arguing that they were entitled to attorney fees and costs. The district court denied those motions and confirmed the arbitration award. This appeal and cross-appeal followed.

In regard to Canyon's appeal, we conclude that Canyon is precluded from arguing that the district court should have remanded its

15-19423

request for attorney fees and costs to the arbitration panel because Canyon asked the district court to resolve its request in the first instance. *Clark Cnty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 388, 168 P.3d 87, 91-92 (2007) (explaining that a party on appeal is prevented from raising an argument regarding a district court error that "the party induced or provoked the court or the opposite party to commit"). Additionally, we reject Canyon's argument that this issue was unwaivable. The district court had the authority and subject matter jurisdiction to determine whether the arbitration panel's denial of Canyon's request for fees and costs under its offer of judgment was harmless error. *See Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1134 (9th Cir. 2003) (providing that in reviewing an arbitrator award, if the court determines that an arbitrator error is harmless, there are no grounds for vacatur and remand). Further, the arbitration panel's denial of Canyon's request was harmless error because Canyon was not entitled to fees and costs under its offer of judgment as its $500,000 offer of judgment was less than the $702,000 joint and several damages award. *See Keenan v. Hydra-Mac, Inc.*, 422 N.W.2d 741, 747 (Minn. Ct. App. 1988) (providing that where a party is jointly and severally liable for a judgment, the determination whether that party's offer of judgment is less favorable than the judgment finally entered depends on the entire amount of the joint and several judgment, not just the party's share of the judgment), *rev'd on other grounds*, 434 N.W.2d 463 (Minn. 1989). Accordingly, we affirm the district court's denial of Canyon's request for attorney fees and costs based on its offer of judgment.

Next, in regard to Elko's challenge to the arbitration panel's denial of its request for attorney fees and costs against cross-respondent

Knight Piesold and Co., we conclude that the panel did not manifestly disregard the law in denying that request. *Clark Cnty. Sch. Dist. v. Rolling Plains Constr., Inc.*, 117 Nev. 101, 103-04, 16 P.3d 1079, 1081 (2001) (explaining that when a party attacks an arbitration award on a common-law ground, the award will only be vacated if the arbitrator's decision represents a manifest disregard of the law and this court reviews de novo a district court's application of the manifest disregard standard), *disapproved on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 35 P.3d 964 (2001). We previously concluded that Knight is both a design professional and a contractor, *see Knight Piesold and Co. v. Fourth Judicial Dist. Court*, Docket No. 54270 (Order Denying Petition, Sept. 28, 2010), which warrants application of NRS 338.155(1)(a)(4)'s mandate that a contract between a public body and a design professional for public work must include a provision "[t]hat the prevailing party in an action to enforce the contract is entitled to reasonable attorney's fees and costs." NRS 38.238(1), however, provides the arbitration panel with discretion in awarding fees and costs and the parties have cited no law providing that a party must recover a money judgment to prevail under an NRS 338.155(1)(a)(4) contractual provision. As such, there is a colorable justification for the arbitration panel's conclusion that each party prevailed in part leading to the denial of Elko's request for fees and costs against Knight, and therefore, we affirm the district court's decision to confirm the panel's denial of attorney fees against Knight. *Cf. Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 120 Nev. 689, 698, 100 P.3d 172, 178 (2004) (providing that if "there is a colorable justification for the outcome, the award should be confirmed").

Lastly, we conclude that the arbitration panel manifestly disregarded the law in denying Elko's request for fees and costs against Canyon. *Rolling Plains*, 117 Nev. at 103-04, 16 P.3d at 1081. Elko's claim for attorney fees and costs against Canyon is different than its claim against Knight because the claim is based on Canyon's status as the breaching party under their contract instead of Elko's status as a prevailing party. Elko and Canyon's contract explicitly provided that "the breaching party *shall* pay to the nonbreaching party all reasonable Attorney fees, cost[s] and other expenses, incurred by the nonbreaching party enforcing its rights as a result of said breach." (Emphasis added.) When parties agree by contract that attorney fees and costs are mandated, the arbitrator does not have discretion to deny an attorney fees and costs request and is limited to determining a reasonable amount for the fees and costs. *Magenis v. Bruner*, 187 P.3d 1222, 1225-26 (Colo. App. 2008). Accordingly, the arbitration panel manifestly disregarded the law by overlooking the parties' contractual provision mandating an award of attorney fees and costs to the nonbreaching party. *See* NRS 18.010(1) (providing that an attorney's compensation for his or her services is governed by agreement and is not restrained by law). The arbitration panel, however, has the discretion to determine in the first instance what attorney fees and costs award would be reasonable under the circumstances of this case.[1] Thus, we reverse the district court's

---

[1]We note that the arbitration panel concluded that Elko "caused excessive expense in this arbitration" by asserting that the entire apron must be removed even though such removal "was not warranted by any reasonable view of the evidence and would result in economic waste," and this conclusion may factor into the panel's determination of a reasonable attorney fees and costs award.

confirmation of the panel's denial of Elko's attorney fees and costs request against Canyon and remand for further proceedings consistent with this order.

It is so ORDERED.[2]

_____, J.
Saitta

_____ J.        _____, J.
Gibbons                                           Pickering

cc:    Chief Judge, The Fourth Judicial District Court
Hon. Miriam Shearing, Senior Justice
Robert L. Eisenberg, Settlement Judge
Moore Law Group, PC
Burke, Williams & Sorensen, LLP/Oakland
Wilson Barrows & Salyer, Ltd.
Weil & Drage, APC
Elko County Clerk

---

[2]We deny Elko's request for attorney fees and costs on appeal against Canyon under NRAP 38 and we deny Elko's request for attorney fees and costs on appeal against Knight. This denial of Elko's requests, however, is without prejudice to Elko's ability to seek attorney fees and costs on remand as the nonbreaching party in its appeal as to Canyon. *See Musso v. Binick*, 104 Nev. 613, 614-15, 764 P.2d 477, 477-78 (1988).