An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HRPV, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. NEVADA PROPERTY 1, LLC, A DELAWARE LIMITED LIABILITY COMPANY, Respondent. | No. 63496 |

FILED

JUL 31 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order confirming an arbitration award. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant entered into an agreement to purchase a condominium in the Cosmopolitan resort and casino in Las Vegas while it was being built. Respondent thereafter made changes to the project before its completion. Appellant failed to close on its unit and argued that it was entitled to rescind the contract because of the changes made and the delay in finishing the project. Both parties' claims for breach of contract were considered by an arbitrator, and the arbitrator concluded that because the changes made to the Cosmopolitan were not material and the delay in finishing the project was reasonable, respondent was entitled to liquidated damages including appellant's full deposit and interest on the deposit, and attorney fees and costs. Respondent filed a motion in the district court to confirm the arbitration award, which the district court granted based on appellant's failure to timely oppose it  Thereafter, the appellant filed a

15-23162

motion to reconsider and to vacate the arbitrator's award, which the district court denied. This appeal followed.

The district court did not err in confirming the award and denying appellant's motion to vacate it. Appellant did not demonstrate that the arbitrator overlooked statutory requirements or manifestly disregard the law in denying appellant's claim to rescind the contract and awarding damages to respondent. *Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 120 Nev. 689, 695, 100 P.3d 172, 176-77 (2004) (providing that an arbitration award will only be reversed if there is a statutory ground for reversal or the arbitrator manifestly disregarded the law). Respondent complied with the statutory disclosure requirements and while respondent's strict compliance with NRS 116.4118, NRS 116.4119, NRS 116.12065, and NRS 116B.300 is less clear, because there is a colorable argument that respondent either substantially complied with these statutes or that any noncompliance does not warrant rescission, reversal is not warranted on this ground. *Health Plan*, 120 Nev. at 698, 100 P.3d at 178 (explaining that if there is a colorable justification for the outcome, the arbitration award will be confirmed).

Further, the arbitrator did not manifestly disregard the law or the contract in concluding that there was no material difference in the way the Cosmopolitan was constructed or that there was no unreasonable delay in the construction. *Clark Cnty. Sch. Dist. v. Rolling Plains Constr., Inc.*, 117 Nev. 101, 104, 16 P.3d 1079, 1081 (2001) (providing that this court reviews de novo a district court's application of the manifest disregard standard). Additionally the arbitrator did not disregard the contractual requirement that appellant have an opportunity to inspect the unit prior to closing because respondent provided appellant with such an

opportunity. *Id.* Lastly, the arbitrator did not manifestly disregard the law in calculating damages. *Id.* Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Elissa F. Cadish, District Judge
       John Walter Boyer, Settlement Judge
       Snell & Wilmer, LLP/Las Vegas
       Mont E. Tanner
       Eighth District Court Clerk