An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEBORAH D. SANZARO; AND
MICHAEL G. SANZARO,
Appellants,
vs.
ARDIENTE HOMEOWNERS
ASSOCIATION; SCOTT HARRIS;
LINDA KEMPER; JAMES MARSH;
LAURY PHELPS; AND RMI
MANAGEMENT, LLC,
Respondents.

No. 61288

**FILED**

OCT 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order denying a motion to vacate an arbitration award and confirming the award. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Respondents fined appellants for bringing their dog into the homeowner's association clubhouse in March 2009. Appellants contested the fines and the matter proceeded to arbitration. Appellants argued that the fines were wrongly imposed because, among other reasons, they had not been properly notified of any change in the HOA rules prohibiting dogs. The arbitrator found that appellants had "constructive notice" of the rule change, such that the fines were properly assessed, and additionally awarded respondents roughly $17,000 in legal fees. Respondents moved to confirm the award in district court. Appellants opposed the motion and sought to vacate the award, arguing in part that the award was based on respondents' unsupported, false statement that they had provided appellants with proper notice of the rule amendment. The district court denied the motion to vacate and confirmed the award, finding that

15-31494

appellants had "not shown by competent evidence any deficiency that would warrant the relief being sought."[1] This appeal followed.

On appeal, appellants argue that respondents fraudulently represented to the arbitrator that the amended HOA rules and regulations were recorded and that respondents otherwise properly notified appellants that the rules had been amended to prohibit non-service animals from being in the clubhouse. During the arbitration proceedings, the arbitrator directed respondents to brief the notice issue. Respondents' letter addressing the arbitrator's notice concern essentially stated that although respondents were not in possession of any minutes documenting how or the exact date when the rule regarding animals in the clubhouse was changed, the rules were nevertheless properly amended by the board of directors sometime in October 2006. Respondents further stated that they sent appellants a welcome letter when they took over management of the HOA in 2007, the welcome letter invited homeowners to visit respondents' webpage, and on that webpage was a link to the rules and regulations, such that appellants were on "constructive notice" of the rule change regarding dogs, and thus they were properly fined for violating that amended rule.

Appellants argue that the welcome letter containing the web address, which, if visited would contain a link to the amended rules, does not suffice as statutory notice of any rule amendment. They also argue that before being fined, the only copy of the rules and regulations provided

---

[1]The motion to vacate was originally denied on the basis that it was untimely. Following an appeal, the district court's order was reversed and remanded for a decision on the merits of the motion to vacate. The decision on the merits is challenged in this appeal.

to them was the original 2005 version, containing no restrictions on dogs in the clubhouse.[2] They further contend that, regardless, the webpage link was to the original 2005 rules and regulations, even as late as August 2009, when they checked it after receiving the arbitration decision.[3] Respondents did not meaningfully refute these arguments, and they did not refute in any way the argument that the link led to the original 2005 rules. And when asked to specifically address the notice issue on appeal, respondents continue to argue that the "sending of this letter with the Association's website and access was akin to the Association providing to [appellants] a copy of the governing documents," and respondents still do not address appellants' argument that even if that were true, the webpage linked to the original 2005 rules.

Having considered the record and the parties' arguments, we reverse the district court's order. Although respondents maintain that they provided appellants with "constructive notice" of the rule amendment via the welcome letter pointing to the webpage containing a link to the rules, NRS 116.12065 requires HOAs to notify homeowners of changes to

---

[2]Although the rules and regulations were purportedly amended in October 2006, it is undisputed that when appellants purchased their home in November 2007, they were provided with a copy of the original 2005 rules and regulations, which do not ban dogs from the clubhouse. *See* NRS 116.4109(1), (3).

[3]In opposing the motion to confirm, appellants pointed out that on August 13, 2009, they sought reconsideration of the August 6, 2009, arbitration award, based in part on their argument that the link on the webpage led to the original 2005 rules, and thus the arbitrator's finding of constructive notice was grounded on a misrepresentation that notice of the amended rules was provided via the link. Neither respondents nor the arbitrator substantively addressed this argument.

the HOA's rules and regulations by mailing or hand delivering "a copy of the change that was made." *See also* NRS 116.049. Even if constructive notice rather than the notice set forth by statute were acceptable, and even if the welcome letter inviting a visit to the webpage, which contains an embedded link to the rules, could be considered "constructive notice," respondents did not dispute below or on appeal appellants' argument that as late as August 2009, the webpage's link was to the original rules, which contained no restriction on dogs in the clubhouse. Thus, there is no colorable justification for the award, and the error of accepting respondents' contention that appellants received proper "constructive notice" of the amended rule despite a lack of authority to support that constructive notice is acceptable in lieu of statutory notice, or that such notice was even properly achieved in light of appellants' arguments and evidence to the contrary, demonstrates a manifest disregard for the law, warranting reversal. *Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 120 Nev. 689, 698, 100 P.3d 172, 178 (2004) (noting that confirmation of an arbitration award is proper if "there is a colorable justification for the outcome"); *Clark Cnty. Sch. Dist. v. Rolling Plains Constr., Inc.*, 117 Nev. 101, 103-04, 16 P.3d 1079, 1081 (2001) (noting that arbitration awards are reviewed to determine whether the arbitrator's decision represents a "manifest disregard for the law," which generally means an error that is obvious and capable of being readily perceived, or, in other words, a decision that is arbitrary or capricious), *disapproved on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 35 P.3d 964 (2001).

Accordingly, we reverse the district court order denying appellants' motion to vacate and confirming the arbitration award, and

remand this matter to the district court with instructions to vacate the arbitration award.

It is so ORDERED.[4]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering


cc:    Hon. Valorie J. Vega, District Judge
       Deborah D. Sanzaro
       Michael G. Sanzaro
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Leach Johnson Song & Gruchow
       Eighth District Court Clerk

---

[4]We have considered appellants' other arguments on appeal and conclude that they do not warrant any additional relief.