# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TULELAKE HORSERADISH, INC.,<br>Appellant,<br>vs.<br>SANTA MARGARITA RANCH, LLC, A<br>NEVADA LIMITED LIABILITY<br>COMPANY; KEN MAHAN; AND MARK<br>S. MAHAN,<br>Respondents. | No. 69305<br><br>**FILED**<br><br>JUN 20 2016<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |



### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order awarding attorney fees following remand. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Following this court's remand in appellant's previous appeal, appellant requested attorney fees for the following five time frames: (1) $33,865 from the time appellant instituted the action to when respondents accepted the offer of judgment; (2) $8,250 for post-acceptance litigation in district court concerning whether appellant could reserve its right to seek attorney fees under NRS 18.010(2)(a); (3) $11,028 for litigating respondents' writ petition in Docket No. 63369 on that same issue; (4) $13,233 for post-writ petition litigation in district court concerning whether a settling party could be a "prevailing party" under NRS 18.010(2)(a); and (5) $15,075 for litigating appellant's appeal in Docket No. 66707 on that same issue.

In a November 10, 2015, order, the district court awarded appellant $46,465 in fees, consisting of the full amount requested for time frame 1, none of the amounts requested for time frames 2 and 4, and a combined total of $12,600 for time frames 3 and 5. On appeal, appellant

contends that the district court abused its discretion in (1) failing to explain why it did not award the full amounts requested for time frames 3 and 5, and (2) failing to explain why it denied outright the amounts requested for time frames 2 and 4. *See Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 614 (2015) (reviewing an award of attorney fees for an abuse of discretion). We address each issue in turn.

With regard to the first issue, respondents correctly argue on appeal that *no* fees should have been awarded for time frames 3 and 5, as NRS 18.010(2) does not authorize an award of appellate attorney fees. *See Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 288, 994 P.2d 1149, 1150 (2000) ("There is no provision in [NRS 18.010(2)] authorizing the district court to award attorney fees incurred on appeal."); *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1356-57, 971 P.2d 383, 388 (1998) (concluding that NRS 18.010 does not entitle a party to attorney fees on appeal because the statute "does not explicitly authorize attorney's fees on appeal")[1]; *cf. Pan v. Eighth Judicial*

---

[1]We recognize that footnote 4 of our disposition in Docket No. 66707 may have caused confusion for appellant and the district court. However, our observation that "fees from [that] appeal may be warranted" was not intended to absolve appellant of its obligation to demonstrate that those fees were authorized by a statute, rule, or contractual provision. *See Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 288, 994 P.2d 1149, 1150 (2000). To the extent that the rationale in *Datecs* and *Bobby Berosini* is at odds with the rationale in *In re Estate and Living Trust of Miller*, 125 Nev. 550, 555, 216 P.3d 239, 243 (2009), and *Musso v. Binick*, 104 Nev. 613, 614-15, 764 P.2d 477, 477 (1988), we need not harmonize those cases in this appeal, as appellant has not cogently argued the issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

*Dist. Court,* 120 Nev. 222, 229, 88 P.3d 840, 844 (2004) ("A petition for writ relief invokes this court's original jurisdiction."). Thus, we need not consider whether the district court abused its discretion in declining to award more than $12,600 for time frames 3 and 5. However, because respondents did not file a notice of cross-appeal from the district court's order, we lack jurisdiction to vacate the $12,600 that was awarded. *See Ford v. Showboat Operating Co.,* 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) (concluding that a party "who seeks to alter the rights of the parties under a judgment must file a notice of cross-appeal"). Accordingly, we affirm the district court's November 10, 2015, order to the extent that it awarded $12,600 in fees for time frames 3 and 5.

With regard to the second issue, appellant correctly points out that the district court failed to even mention time frames 2 and 4 in its November 10, 2015, order, let alone provide any explanation for denying outright the requested fees for those time frames. *Cf. Lyon v. Walker Boudwin Constr. Co.,* 88 Nev. 646, 651, 503 P.2d 1219, 1221-22 (1972) (recognizing that a district court abuses its discretion when it fails to state a reason for denying a request for attorney fees). In opposition, respondents appear to suggest that the district court impliedly determined that fees for those time frames were not recoverable because those fees were incurred *after* respondents accepted appellant's offer of judgment. To the extent that this was the district court's reasoning, we reject it, as respondents did not identify any authority that would prohibit appellant from seeking fees that it incurred post-acceptance. In the absence of any specific arguments by respondents regarding the propriety of the *amounts* of fees requested for time frames 2 and 4, we conclude that the district court erred in failing to award appellant the full amounts requested for

those time frames. Accordingly, we reverse the district court's November 10, 2015, order to the extent that it declined to award appellant's requested fees for time frames 2 and 4.

In sum, we affirm the district court's November 10, 2015, order to the extent that it awarded attorney fees in the combined amount of $12,600 for time frames 3 and 5.[2] Additionally, we reverse the district court's November 10, 2015, order to the extent that it declined to award appellant's requested fees for time frames 2 and 4 and remand this matter for the district court to enter a judgment in favor of appellant consistent with this order.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:     Hon. Leon Aberasturi, District Judge
        Law Office of James Shields Beasley
        Law Offices of Roderic A. Carucci
        Third District Court Clerk

---

[2]We necessarily affirm the award of fees for time frame 1 and the award of costs because those awards have not been challenged on appeal.